# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

MAX BAZERMAN, individually and on
behalf of all others similarly situated,

                Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
Corporation.

                Defendant.

Civil Action No.: 1:17-cv-11297 (WGY)

**AMERICAN AIRLINES, INC. ANSWER
TO PLAINTIFF'S COMPLAINT**

**JURY TRIAL DEMANDED**

Defendant American Airlines, Inc. (hereinafter referred to as "American")

responds to the Plaintiff's Class Action Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

American, by and through its counsel, answers the Complaint of Plaintiff Max Bazerman

(hereafter "Plaintiff") as set forth herein.  American denies all allegations contained in section

headings or other portions of the Complaint that are not contained within the specifically

numbered paragraphs of the Complaint.  All allegations are denied unless specifically admitted,

and any factual averment admitted is admitted only as to the specific facts and not as to any

conclusions, characterizations, implications, or speculations which are contained in the averment

or in the Complaint as a whole.

These comments and objections are incorporated, to the extent appropriate, into each

numbered paragraph in the answer.

1.      American admits that passengers who have earned status as members of certain

frequent flyer programs, as well as passengers who are confirmed business class customers or are

confirmed first class customers on 3-cabin aircrafts, are generally eligible to check some number

of bags at no additional cost. To the extent Paragraph 1 contains legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 1.

2.      American admits that it enters into contracts with passengers to provide them air-travel for a price and other benefits, such as transporting eligible passengers' checked bags for no additional cost.  American admits that its check-in kiosks at airports are connected to American's Passenger Service System ("PSS"). American admits that its PSS indicates whether a passenger traveling on an American operated flight has to pay to check their baggage and in what amount. To the extent Paragraph 2 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 2.

3.      To the extent Paragraph 3 relies on statistics provided by the Department of Transportation, the statistics speak for themselves and, as such, no response is required. American denies any and all remaining allegations in Paragraph 3.

4.      American admits that on or around December 12, 2016, the Plaintiff purchased air-travel tickets (hereafter "air-travel tickets" or "tickets") on American's website. American admits the Plaintiff purchased domestic tickets for himself and a companion. American admits that when the Plaintiff arrived at the airport for the flight, the Plaintiff paid to check two bags. To the extent Paragraph 2 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 4.

5.      American admits that the Plaintiff purports to bring this lawsuit on his own behalf and as a class action. American denies that this lawsuit is appropriate for class action treatment or is manageable as a class action, and denies the remaining allegations in Paragraph 5.

6.      American admits that on or around December 12, 2016, the Plaintiff purchased his air-travel tickets on American's website. American is without knowledge or information sufficient to form a belief as to truth or falsity regarding the remaining allegations contained in Paragraph 6 and, therefore, denies such allegations.

7.      American admits to the allegations in Paragraph 7.

8.      Paragraph 8 asserts legal conclusions to which no response is required.

9.      Paragraph 9 asserts legal conclusions to which no response is required. To the extent a response is required, American admits that it conducts business in the District. Except as expressly admitted, American denies any and all allegations in Paragraph 9.

10.     To the extent Paragraph 10 asserts legal conclusions, no response is required. To the extent a response is required, American admits that it conducts business in the District. American is without knowledge or information sufficient to form a belief as to the truth or falsity of whether "Plaintiff is a resident of this District" or " purchased his AA ticket in this District," and, therefore, denies such allegations.  Except as expressly admitted, American denies any and all remaining allegations in Paragraph 10.

11.     American admits that it enters into contracts with its passengers who purchase a ticket to travel on an American flight. To the extent Paragraph 11 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 11.

12.     American admits that it enters into contracts with its passengers who purchase a ticket to travel on an American flight. American admits that it provides air-travel as well as other benefits to passengers. American admits that passengers can purchase air-travel tickets on American's website; and, that during the ticket purchase process, American's website displays a

webpage with a section titled "Your trip summary." To the extent Paragraph 12 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 12.

13.     American admits that it has "Conditions of Carriage" and  "International General Rules (AA1)," which the Complaint refers to as "Domestic Terms" and "International Terms" respectively. To the extent Paragraph 13 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 13 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 13.

14.     To the extent Paragraph 14 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. American denies any and all remaining allegations in Paragraph 14.

15.     American admits that passengers can check their baggage using check-in kiosks and/or with an agent. American admits that these check-in kiosks and agents use computers to facilitate the checked bag process. American admits that these computers are connected to American's Single PSS. American admits that its PSS indicates whether a passenger traveling on an American operated flight has to pay to check their baggage and in what amount. American admits that its PSS is a standardized system. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 15.

16.     American admits that, for individual air-travel tickets purchased, its electronic records reflect (a) a passenger's status in frequent flyer programs to the extent the frequent flyer number is entered when a ticket is purchased; (b) which cabin of service the passenger purchased a ticket for; and (c) whether the passenger paid to check bags and in what amount; however,

American is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the Plaintiff received a computer-generated receipt from American's "computer systems that state the amount [he] paid" to check his bags, and, therefore, denies such allegations. To the extent Paragraph 16 references or purports to describe other paragraphs in this Complaint, American's response is contained in those paragraphs and no response is required here. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 16.

17.    To the extent Paragraph 17 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 17.

18.    American admits that on or around December 12, 2016, the Plaintiff purchased a one-way coach ticket on American's website for himself and a companion to travel from Phoenix to Boston. To the extent Paragraph 18 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 18.

19.    American admits that when the Plaintiff purchased an electronic ticket for air-travel on American's website, he would have received a "trip confirmation and receipt" email (hereafter "an e-ticket confirmation" email) that would have included the Plaintiff's air-travel itinerary and "Baggage Check" information.  To the extent Paragraph 19 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 19 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 19.

20.    American admits that the Plaintiff was a member of the AAdvantage frequent flyer program, with provisional Platinum status, at the time of his travel on March 4, 2017. American admits that its website currently outlines the benefits associated with Platinum status.

To the extent Paragraph 20 purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  American is without knowledge or information sufficient to form a belief as to the truth or falsity of the information the Plaintiff viewed on American's website before he purchased his ticket and, therefore, denies such allegations. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 20.

21.     American admits that the Plaintiff was a member of the oneworld frequent flyer program, with Sapphire status, when he purchased his air-travel tickets on or around December 12, 2016 and at the time of his travel on March 4, 2017. American admits that American's website currently outlines the benefits associated with Sapphire status. To the extent Paragraph 21 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. American is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the Plaintiff "demonstrated his qualification for oneworld Sapphire status to AA both by telephone and again in person when he checked in at the airport in Phoenix" and, therefore, denies such allegations.  Similarly, American is without knowledge or information sufficient to form a belief as to the truth or falsity of the information the Plaintiff viewed on American's website before he purchased his ticket and, therefore, denies such allegations. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 21.

22.     American admits that certain marketing labels refer to passengers who have achieved corresponding status in American's and American's partners' frequent flyer programs. American admits that if a passenger is a member of an American frequent flyer program, who has achieved status, it is memorialized in American's records. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 22.

23.     American admits that is current Conditions of Carriage, referred to in the Complaint as "Domestic Terms," is available online at https://www.aa.com/i18n/customer-service/support/conditions-of-carriage.jsp. Except as expressly admitted, American denies any and all remaining allegations.

24.     American admits that the current Checked Baggage Policy is available online at https://www.aa.com/i18n/travel-info/baggage/checked-baggage-policy.jsp. To the extent Paragraph 24 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 24 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 24.

25.     To the extent Paragraph 25 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 25 asserts legal conclusions, to response is required. American denies any and all remaining allegations in Paragraph 25.

26.     To the extent Paragraph 26 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 26 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 26.

27.     To the extent Paragraph 27 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 27 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 27.

28.     To the extent Paragraph 28 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 28 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 28.

29.     To the extent Paragraph 29 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 29 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 29.

30.     American admits that the current version of American's "International General Rules (AA1)" (hereafter "International Terms") is available online at https://www.aa.com/i18n/Tariffs/AA1.html. Except as expressly admitted, American denies any and all remaining allegations.

31.     To the extent Paragraph 31 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 31 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 31.

32.     To the extent Paragraph 32 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 32 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 32.

33.     To the extent Paragraph 33 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 32

asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 33.

34.     To the extent Paragraph 34 purports to reference or describe a document, the document speaks for itself, and, as such, no response is required. American denies any and all remaining allegations in Paragraph 34.

35.     American admits that when a "passenger purchases a ticket" on American's website, the passenger "chooses destination, dates, and class of service" as part of the ticket purchase process. American admits that after a passenger "chooses destination, dates, and class of service," American's website displays a webpage that includes a section titled "Your Trip Summary." To the extent Paragraph 35 purports to describe a portion of a webpage, the webpage speaks for itself, and, as such, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 35.

36.     To the extent Paragraph 36 references or purports to describe other paragraphs in this Complaint, American's response is contained in those paragraphs and no response is required here. To the extent Paragraph 36 purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required. To the extent Paragraph 36 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 36.

37.     American admits that during the air-travel ticket purchase process, American's website displays a webpage with a section titled "Your trip summary," akin to the screenshot referenced in Paragraph 37. To the extent Paragraph 37 references a screenshot, the screenshot speaks for itself and, as such, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 37.

38.     American admits that for tickets purchased on American's website from March 29, 2016 through December 1, 2016, the "Your trip summary" section indicated that a customer purchasing a domestic first class air-travel ticket was eligible to check up to three bags at no additional charge. To the extent Paragraph 38 references a screenshot, the screenshot speaks for itself and, as such, no response is required. To the extent Paragraph 38 purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required. To the extent Paragraph 38 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 38.

39.     To the extent Paragraph 39 references a screenshot, the screenshot speaks for itself and, as such, no response is required. To the extent Paragraph 39 purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required. To the extent Paragraph 39 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 39.

40.     American admits that for tickets purchased on American's website during a portion of 2016, the "Your trip summary" section indicated that a customer purchasing an international business class air-travel ticket was eligible to check up to three bags at no additional charge. To the extent Paragraph 40 purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required. To the extent Paragraph 40 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 40.

41.     American admits that during the air-travel ticket purchase process on American's website, passengers have the opportunity upgrade their class of service. American admits that from March 29, 2016 through December 1, 2016, American's website indicated that if a

customer upgraded their class of service, he or she was eligible to check up to three bags at no additional charge. To the extent Paragraph 41 references a screenshot, the screenshot speaks for itself and, as such, no response is required. To the extent Paragraph 41 purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required. To the extent Paragraph 41 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 41.

42.     American admits that if a customer elected to upgrade their class of service while purchasing air-travel tickets on American's website, the customer would receive the benefits associated with that higher class of service. To the extent Paragraph 42 purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required. To the extent Paragraph 42 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 42.

43.     American admits that when a customer checks-in to their flight on American's website, he or she has an opportunity to upgrade their class of service. American admits that from March 29, 2016 through December 21, 2016, American's website indicated that if a customer upgraded their class of service during the check-in process, he or she was eligible to check up to three bags at no additional charge. To the extent Paragraph 42 purports to describe a portion of a website, the website speaks for itself and, as such, no response is required. To the extent Paragraph 43 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 43.

44.     American's responses to Paragraphs 12 to 14 are incorporated herein and no response is required here.  To the extent Paragraph 44 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 44.

45.     American admits that when a customer purchases an electronic ticket for air-travel on American's website, American does not provide the customer with a paper ticket. American admits that it transmits to a customer who purchases an air-travel ticket on American's website an e-ticket confirmation email, which includes "Baggage Information" for the customer's reference. American admits that when a passenger purchases an air-travel ticket on American's website, American's internal IT systems preserve a record of that passenger's ticket purchase containing the ticket purchase related details. To the extent Paragraph 45 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations.

46.     American admits that it sends e-ticket confirmation emails to customers who purchase air-travel tickets on American's website that generally include "Baggage Information" for the customer's reference. To the extent Paragraph 46 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 46 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 46.

47.     American admits to the allegations in Paragraph 47.

48.     To the extent Paragraph 48 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 48 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 48.

49.     To the extent Paragraph 49 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 49

asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 49.

50.     To the extent Paragraph 50 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 50 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 50.

51.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to Twitter and online discussion forums including flyertalk.com and, therefore, denies such allegations.  To the extent Paragraph 51 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 51.

52.     American denies the allegations in Paragraph 52.

53.     American denies the allegations in Paragraph 53.

54.     American admits that on March 4, 2017, the date the Plaintiff traveled from Phoenix to Boston, the Plaintiff paid $25 to check a bag for himself and $25 to check a bag on behalf of his companion. To the extent Paragraph 54 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 54.

55.     To the extent Paragraph 55 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 55.

56.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 related to what "an AA passenger reported [] on

twitter," and, therefore, denies such allegations. American denies any and all remaining allegations in Paragraph 56.

57.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 related to what "AA passengers on domestic flights reported [] on twitter," and, therefore, denies such allegations. American denies any and all remaining allegations in Paragraph 57.

58.     American admits that members of the AAdvantage frequent flyer program, with Platinum and Executive Platinum status, as well as members of some other frequent flyer programs, are eligible to check their first, second, and/or third bag at no additional cost. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 58.

59.     American denies any and all allegations in Paragraph 59.

60.     American admits that the Plaintiff was a member of the oneworld frequent flyer program, with Sapphire status, when he purchased his air-travel tickets on or around December 12, 2016 and at the time of his travel on March 4, 2017. American admits that the Plaintiff was a member of the AAdvantage frequent flyer program, with provisional Platinum status, at the time of his travel on March 4, 2017. American admits that on the aforementioned date of travel, the Plaintiff paid $25 to check a bag for himself and $25 to check a bag on behalf of his companion, "whose travel was booked on [the Plaintiff's] reservation." To the extent Paragraph 60 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 60.

61.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to what "passengers reported, on Twitter and other

public discussions forums such as flyertalk.com" and, therefore, denies such allegations.   To the extent Paragraph 61 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 61 asserts legal conclusions, no response is required. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 61.

62.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation related to what "a passenger and Executive Platinum member stated [] on flyertalk.com" and, therefore, denies such allegations.   To the extent Paragraph 62 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 62 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 62.

63.     American is without knowledge or information sufficient to form a belief as to the source or truth of the allegations contained in Paragraph 63 and, therefore, denies such allegations.

64.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to what "AA passengers have reported [] on Twitter and flyertalk.com" and, therefore, denies such allegations. To the extent Paragraph 64 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 64 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 64.

65.     American is without knowledge or information sufficient to form a belief as to truth or falsity of the allegations contained in Paragraph 65 and, therefore, denies such allegations.

66.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 and, therefore, denies such allegations.

67.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 and, therefore, denies such allegations.

68.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 and, therefore, denies such allegations.

69.     American is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 and, therefore, denies such allegations.

70.     To the extent Paragraph 70 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent Paragraph 70 asserts legal conclusions, no response is required. American denies any and all remaining allegations in Paragraph 70.

71.     American restates and incorporates by reference, as if fully set forth herein, its responses to all prior paragraphs of the Complaint.

72.     American admits that the Plaintiff seeks to represent the class defined in Paragraph 72. Except as expressly admitted, American denies any and all remaining allegations in Paragraph 72 and specifically denies that class treatment of Plaintiff's claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.

73.     American admits that the Plaintiff purports to exclude certain persons from the class as defined in Paragraph 73.  Except as expressly admitted, American denies any and all remaining allegations in Paragraph 73 and specifically denies that class treatment of Plaintiff's claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.

74.     Paragraph 74 asserts legal conclusions to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 74 and specifically denies that class treatment of the Plaintiff's claims is appropriate.

75.     American admits that American's business records memorialize the identities of passengers who have flown on an American operated flight. American admits that its business records memorialize the Domestic Terms, the International Terms, and the Checked Baggage Policy.  American admits that its records would reflect the date on which a customer's American AAdvantage frequent flyer membership status changed as well as the benefits associated with that change, which are reflected in a separate location. American admits that it has access to some information regarding a passenger's frequent flyer status on American's partner airlines to the extent the passenger enters his or her frequent flyer number associated with that partner airline at the time of ticket purchase. To the extent paragraph 75 asserts legal conclusions, no response is required. Except as expressly admitted, American denies the allegations in Paragraph 75 and specifically denies that class treatment of the Plaintiff's claims is appropriate.

76.     Paragraph 76 asserts legal conclusions to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 76 and specifically denies that class treatment of the Plaintiff's claims is appropriate.

77.     Paragraph 77 asserts legal conclusions to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 77 and specifically denies that class treatment of the Plaintiff's claims is appropriate.

78.     Paragraph 78 asserts legal conclusions to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 78 and specifically denies that class treatment of the Plaintiff's claims is appropriate.

79.     American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 regarding the Plaintiff and his counsel and on that basis, denies such allegations.  American denies any and all remaining allegations in Paragraph 79 and specifically denies that class treatment of the Plaintiff's claims is appropriate.

80.     Paragraph 80 asserts legal conclusions to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 80 and specifically denies that class treatment of the Plaintiff's claims is appropriate.

81.     American restates and incorporates by reference, as if fully set forth herein, its responses to all prior paragraphs of the Complaint.

82.     Paragraph 82 asserts legal conclusions to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 82.

83.     Paragraph 83 asserts legal conclusions to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 83.

84.     Paragraph 84 asserts legal conclusions to which no response is required. To the extent a response is required, American denies the allegations in Paragraph 84.

## **PRAYER FOR RELIEF**

American admits that the Plaintiff purports to seek the relief set forth in Plaintiff's Prayer for Relief. American denies that the Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint. American further denies that class certification is appropriate and that any claims in this action are appropriate for class treatment. Except as expressly admitted, American denies any and all remaining allegations in the Plaintiff's Request For Relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

### **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

The Plaintiff and putative class members' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the (a) Airline Deregulation Act, (b) Warsaw Convention, (c) Hague Convention, and (d) Montreal Convention.

### **THIRD DEFENSE**

Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because, *inter alia*, Plaintiff is not an adequate representative, Plaintiff's claims are not typical or common of claims of proposed class members, the claims of the Plaintiff and members of the proposed class are subject to unique facts and defenses (such as individual purchasing decisions), common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of determining the controversy, and a class action would be unmanageable. Moreover, certification of the proposed class would result in the denial of due process to American, as well as to the proposed class.

## FORTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and equitable estoppel.

## FIFTH DEFENSE

The Complaint and each and every purported cause of action alleged therein may be barred to the extent the Plaintiff and/or members of the proposed class have released such claims.

## SIXTH DEFENSE

The Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, if any members of the proposed class have resolved the same or similar claims as those alleged in the Plaintiff's Complaint on the ground that they are subject to the defense of accord and satisfaction.

## SEVENTH DEFENSE

The Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## EIGHTH DEFENSE

The Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, because any alleged injuries and damages of the Plaintiff and/or members of the proposed class were proximately caused, in whole or in part, by their own acts or omissions or those of third parties, and any recovery by the Plaintiff and/or members of the proposed class should be barred or reduced by an amount proportionate to the amount by which their own conduct or that of third parties contributed to their alleged injuries and damages.

**NINTH DEFENSE**

The Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, because American did not directly or proximately cause or contribute to any damage, loss, or injury allegedly sustained by the Plaintiff and/or members of the proposed class or that the Plaintiff and/or members of the proposed class seek to recover in this action.

**TENTH DEFENSE**

The Complaint and each and every purported cause of action alleged therein may be barred, in whole or in part, because any damage, loss, or injury allegedly sustained by the Plaintiff and/or members of the proposed class was directly or proximately caused by independent intervening and superseding causes.

**ELEVENTH DEFENSE**

The claims in the Complaint for damages and/or other monetary recovery by the Plaintiff and/or members of the proposed class must be offset and reduced by the value received from the services purchased from American.

**TWELFTH DEFENSE**

To the extent the Court finds one or more terms in the applicable contracts to be susceptible to more than one alternative reasonable interpretation, the claims in the Complaint are not amenable to class treatment because, *inter alia*, individualized factual inquiries will be required to determine the subjective beliefs of Plaintiff and/or each member of the proposed class as to a particular term's meaning in order to determine the parties' rights and duties under their respective agreements.

**THIRTEENTH DEFENSE**

At this time, American has insufficient knowledge or information upon which to form a belief as to whether it may have additional defenses that govern the claims asserted by the Plaintiff and on behalf of persons claimed to be members of the proposed class. American, therefore, reserves the right to raise additional defenses as appropriate.

## PRAYER FOR RELIEF

WHEREFORE, American prays as follows:

1.      That the Plaintiff and the members of the proposed class take nothing by their Complaint and that the Complaint be dismissed with prejudice;

2.      That American be awarded its costs, disbursements and attorneys' fees; and

3.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a jury trial of all issues so triable.


DATED: September 25, 2017          LATHAM & WATKINS LLP

                                   By: /s/U. Gwyn Williams
                                       U. Gwyn Williams (BBO # 565181)
                                       David C. Tolley (BBO # 676222)
                                       LATHAM & WATKINS LLP
                                       John Hancock Tower, 27th Floor
                                       200 Clarendon Street
                                       Boston, MA 02116
                                       (617) 948-6000
                                       gwyn.williams@lw.com
                                       david.tolley@lw.com

                                   Attorney for Defendant
                                   AMERICAN AIRLINES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on this 25th day of September, 2017.

/s/ U. Gwyn Williams
U. Gwyn Williams