**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MAX BAZERMAN, individually and on behalf of others similarly situated, <br><br>      Plaintiff, <br><br> vs. <br><br> AMERICAN AIRLINES, INC., a Delaware Corporation, <br><br>      Defendant. | Case No.: 1:17-CV-11297-WGY |

### [PROPOSED] ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) GRANTING CERTIFICATION OF A SETTLEMENT CLASS; (3) DIRECTING NOTICE TO THE SETTLEMENT CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING

WHEREAS, this Order addresses the settlement reached in this action is pending before this Court, *Bazerman, et al. v. American Airlines, Inc.,* No. 1:17-cv-l1297-WGY (the "Litigation");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Settlement Agreement and Release dated June ___, 2018 (the "Settlement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Parties and for dismissal of the Litigation against the Defendant and the Released Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement and the Exhibits annexed thereto;

WHEREAS, Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in Plaintiff's Complaint, both through pre-suit investigation

and discovery in this action, as described in the Declarations of Linda M. Dardarian and Benjamin Edelman filed with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement;

WHEREAS, the Parties reached the Settlement as a result of extensive arms' length negotiations between the Parties and their counsel, occurring over the course of a number of months. Both before and during these settlement discussions, Defendant provided voluminous documents and other information to Plaintiff. This arms' length exchange provided Plaintiff and his counsel with sufficient information to evaluate the claims and potential defenses, and to meaningfully conduct informed settlement discussions;

WHEREAS, the Settlement confers substantial benefits upon the Settlement Class, particularly in light of the relief that is potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal;

WHEREAS, Defendant has vigorously denied and continues to dispute all of the claims and contentions alleged in the Litigation, and denies any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiff and the Settlement Class; and

WHEREAS, the Court has carefully reviewed the Settlement, including the exhibits annexed thereto and all related documents filed therewith, as well as the files, records and prior proceedings to date in this matter.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     Unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Settlement.

710995.8

2.      The Court has subject-matter jurisdiction of the Action pursuant to 28 U.S.C. section 1332, and personal jurisdiction over the Parties before it.  Additionally, venue is proper in this District pursuant to 28 U.S.C. section 1391.

3.      Pending the Fairness Hearing, all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement, are hereby stayed.

Provisional Class Certification for Settlement Purposes Only

4.      For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative and his counsel have fairly and adequately represented and protected the interests of Settlement Class Members; (e) the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of settlement only, a Settlement Class defined as: All residents of the United States (including the fifty states, the District of Columbia, the U.S. Virgin Islands, and Puerto Rico) who: (a) traveled on American Airlines ("American"); (b) at any time between July 13, 2013 and the Settlement Date (the "Class Period"), and (d) meet one or more of the below criteria, listed in (a)(i), (a)(ii), (a)(iii), (a)(iv), or (b):

3

a.    Were charged a checked bag fee inconsistently with statements in American's Baggage Policy that passengers may check one or more bags for no additional charge, excluding oversized and overweight checked bags, specialty items, and sports equipment, for any of the following reasons:

      i.    at the time of check-in, the passenger held a First or Business Class ticket for a domestic flight;

      ii.    at the time of check-in, the passenger held a Business Class ticket for an international flight;

      iii.    at the time of check-in, the passenger held AAdvantage elite status with American or an equivalent frequent flyer elite status with a partner airline, or traveled on the same itinerary as a passenger who held such status;

      iv.    at the time of check-in, the passenger was an active U.S. Military member or the dependent of a U.S. Military member travelling on orders;

      v.    at the time of check-in, the passenger was an active U.S. Military member on personal travel.

b.    Were charged a checked bag fee inconsistently with a Confirmation Email received by the passenger stating eligibility to check a first bag for that ticketed trip at no additional charge.

c.    Specifically excluded from the Settlement Class are the following Persons: American and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and

4

each of their respective immediate family members; Class Counsel; and the judges who have presided over the Litigation and any related cases.

6.      Plaintiff Max Bazerman is appointed as Class Representative of the Settlement Class.  The Court preliminarily finds that he is similarly situated to Settlement Class Members and is therefore typical of the Settlement Class, and that he will be an adequate class representative.  Linda M. Dardarian, Byron R. Goldstein, Raymond Wendell of Goldstein, Borgen, Dardarian & Ho, and Benjamin Edelman of the Law Offices of Benjamin Edelman, whom the Court finds are experienced and adequate counsel for purposes of these settlement approval proceedings, are appointed as Class Counsel.

Preliminary Settlement Approval

7.      The Court preliminarily approves the Settlement, attached hereto as Exhibit 1, as fair, reasonable and adequate, subject to further consideration by the Court at the Fairness Hearing.  The Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class.

8.      A Fairness Hearing shall be held before this Court on _____, at _____ a.m./p.m., at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether an Order and Final Judgment as provided in Section XII of the Settlement should be entered; to determine whether the plan for distribution of Refunds should be approved; to determine any amount of attorneys' fees, costs and expenses that should be awarded to Class Counsel and Plaintiff for his service as the Class Representative for the

5

Settlement Class; to hear any objections by Settlement Class Members to the Settlement or

Claims Process, or any award of attorneys' fees, costs and expenses to Class Counsel, or any

service award to the Class Representative ("Plaintiff's Incentive Award"); and to consider such

other matters as the Court may deem appropriate.  The Fairness Hearing may be postponed,

adjourned, or continued by order of the Court without further notice to the Settlement Class.

After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance

with the Settlement that will adjudicate the rights of the Settlement Class Members (as defined in

the Settlement) with respect to the claims being settled.

      9.     Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints

for settlement purposes only the [NAME OF ADMINISTRATOR] ("Settlement Administrator")

to supervise and administer the notice procedure as well as the processing of claims as more fully

set forth in the Settlement.

<u>Class Notice</u>

      10.    The Settlement Class Notice Program set forth in the Settlement complies with

Rule 23(c)(2) of the Federal Rules of Civil Procedure as it: (i) is the best practicable notice under

the circumstances; and (ii) is reasonably calculated, under the circumstances, to apprise the

Settlement Class of the pendency of the Litigation, the terms of the Settlement, and of their right

to object to or to exclude themselves from the proposed Settlement.  The Settlement Class Notice

Program set forth in the Settlement also complies with Rule 23(e) as it; (i) is reasonably

calculated, under the circumstances, to apprise the Settlement Class of the pendency of the

Litigation, the terms of the Settlement, and their rights under the Settlement, including but not

limited to, their right to object to or exclude themselves from the Settlement and other rights

under the Settlement; (ii) is reasonable and constitutes due, adequate and sufficient notice to all

members of the Settlement Class entitled to receive notice; and (iii) meets all requirements of applicable law, including but not limited to, Fed. R. Civ. P. 23(c) and (e) and the Due Process Clause(s) of the United States Constitution.

11.    The proposed Class Notice (Exhibit B to the Settlement) and proposed Summary of Class Notice (Exhibit C to the Settlement) are approved.  The proposed Class Notice: (i) describes the essential terms of the Settlement; (ii) discloses any special benefits or incentives to the class representative; (iii) provides sufficient information regarding Class Counsel's request for an Attorneys' Fees, Expenses and Costs Award; (iv) indicates the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explains the procedures for claiming, allocating and distributing the Refund Total; and (vi) prominently displays the contact information of Class Counsel and the procedure for making inquiries.

12.    The Claim Form (Exhibit A to the Settlement) is approved.  Settlement Class Members must either: (a) submit a Claim Form via the Settlement Website no later than ninety (90) Days from the date that Notice is initially issued to the Settlement Class; or (b) mail a Claim Form to the Settlement Administrator that is postmarked no later than no later than ninety (90) Days from the date that Notice is initially issued to the Settlement Class.  The Court finds that this is due, adequate, and sufficient time for Settlement Class Members to file Claim Forms.

13.    No later than thirty (30) calendar days after the date of this Order, the Settlement Administrator will commence providing notice to the Settlement Class ("Class Notice") pursuant to Section VIII. Paragraph G of the Settlement ("Initial Mailing").  The Settlement Administrator shall provide reminder notices to the Settlement Class as set forth in the Settlement, to be completed no later than seventy (70) calendar days after commencing the Initial Mailing.

14.     Members of the Settlement Class will have until ninety (90) days from the Initial Mailing date to submit their Claim Forms ("Claims Deadline"), which is due, adequate and sufficient time.

15.     The Settlement Administrator to establish a post office box and email address in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications from members of the Settlement Class.  Only the Settlement Administrator, Class Counsel, American's Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box.

16.     No less than seven (7) days prior to the Fairness Hearing, the Settlement Administrator shall file with this Court proof of compliance with the Settlement Class Notice Program.

Objections and Appearances

17.     Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement must file with the Court and serve on Class Counsel and American's Counsel a written statement of objection by no later than [INSERT DATE] ("Objection Date").  Any written objection must contain all of the following information:

a.     The name, address, telephone number, and email address (if any) of the Person objecting and, if represented by counsel, of his/her counsel;

b.     A sworn statement that he or she is a member of the Settlement Class and during the Class Period purchased a ticket for air travel on American and was charged At-Issue Baggage Fees;

c.     A statement of all objections to the Settlement; and

8

d.      A statement of whether he or she intends to appear at the Fairness

Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who

will attend.

18.      Any response to an objection shall be filed with the Court no later than seven (7)

calendar days prior to the Fairness Hearing.

19.      Any Settlement Class Member who fails to file and serve a timely written

objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this

Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of

the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the

Settlement or the terms of the Settlement Agreement by appeal or other means.

20.      Any attorney hired by a Settlement Class Member for the purpose of objecting to

the proposed Settlement, the Attorneys' Fees and Costs Award or the Incentive Award and who

intends to make an appearance at the Fairness Hearing, shall provide to the Settlement

Administrator (who shall forward it to Class Counsel and American's Counsel) and file with the

Clerk of the Court a notice of intention to appear no later than the Objection Date.

Exclusion from Class

21.      Any member of the Settlement Class who wishes to exclude himself or herself

from the Settlement Class must complete and send to the Settlement Administrator a request for

exclusion that is post-marked no later than [INSERT DATE].  The request for exclusion must be

personally signed by the member of the Settlement Class requesting exclusion, contain a

statement that indicates his or her desire to be excluded from the Settlement Class and contain a

statement that he or she is otherwise a member of the Settlement Class.  A member of the

Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs,

9

whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.  Any member of the Settlement Class who opts out but also files a Claim Form before the Claim Deadline rescinds his or her opt out.

22.     The Settlement Administrator shall provide the final Opt-Out List to Class Counsel and American's Counsel no later than seven (7) Days after the Opt-Out Date and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

23.     Any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

24.     Any member of the Settlement Class who properly opts out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

25.     Class Counsel shall file their applications for the Attorneys' Fees, Expenses and Costs Award and Plaintiff's Incentive Award at least fourteen (14) calendar days prior to the Objection Deadline.

26.     All Settlement Class Members are preliminarily enjoined from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any

710995.8

jurisdiction based on the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Notwithstanding the foregoing, this provision, and any other provision of the Settlement Agreement, does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2018

_____
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS

11

710995.8