# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX BAZERMAN, individually and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation,<br><br>      Defendant. | Case No.: 1:17-CV-11297-WGY |

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release is entered into between Plaintiff Max Bazerman ("Plaintiff") and Defendant American Airlines, Inc. ("American") in order to effectuate a full and final settlement and dismissal with prejudice of certain claims against American as alleged in the case captioned *Max Bazerman, et al. v. American Airlines, Inc.*, Case No. 1:17-cv-11297-WGY (D. Mass. 2017), on the terms set forth below and to the full extent reflected herein, subject to approval of the Court. Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.    <u>RECITALS</u>

A.      On or about July 13, 2017, Plaintiff filed a complaint in the District Court of Massachusetts alleging that American had incorrectly required customers to pay checked baggage fees during the period beginning on July 13, 2013. Plaintiff Max Bazerman sought actual damages, interest, attorneys' fees, and an injunction on behalf of himself and a proposed class of:

709696.10

All persons in the United States (including the fifty states, the District of Columbia, the U.S. Virgin Islands, and Puerto Rico) who purchased a ticket for air travel on American Airlines ("AA") subject to AA promises that their ticket would allow the passenger to check a specified number of bags at no additional charge, when in fact AA required the passengers to pay to check one or more such bags, during the period since four years prior to the filing of the complaint.

B.      Since the Litigation commenced, the Parties have engaged in formal and informal

discovery.  The Parties have exchanged written discovery, including Requests for Production,

Requests for Admissions, and Interrogatories, produced thousands of pages of documents,

participated in the 30(b)(6) deposition of American's corporate witness, participated in numerous

meet and confer teleconferences, and exchanged many communications pertaining to factual,

legal, and technical aspects of the Litigation.  Since settlement discussions began in earnest in

February 2018, American has continued to produce information necessary for Class Counsel to

evaluate the underlying facts and issues of the Litigation, including providing Class Counsel with

data scripts, data sets containing data on Settlement Class Members' At-Issue Baggage Fees

during the Class Period defined below, results of data script searches, and assumptions applied to

data scripts, in order to collect and analyze information and confirm that the search criteria and

data gathering processes used to form the basis for settlement are as accurate as reasonably

possible.

C.      The Parties participated in a full-day mediation on February 16, 2018 in Boston,

Massachusetts before Magistrate Judge Page Kelley.  The Parties were not able to reach a

settlement during that mediation, but, with Magistrate Judge Kelley's assistance, they made

progress and agreed to continue negotiations.  Thereafter, the Parties continued to have extensive

settlement discussions, including with the assistance of Magistrate Judge Kelley, and reached an

agreement in principle that would resolve the claims in Plaintiff's Complaint on a class-wide

basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

D.      Plaintiff and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents, data and other information produced by American prior to, during, and after mediation, and have concluded that this Settlement provides substantial benefits to Plaintiff and the Settlement Class and resolves all issues regarding At-Issue Baggage Fees (as defined in Section II., Paragraph D. below) for Settlement Class Members that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.  Plaintiff and Class Counsel have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

E.      American denies all material allegations in the Litigation and has asserted a variety of affirmative defenses.  American denies each and every allegation of wrongdoing, liability and damages that was or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiff's claims or similar claims for class treatment, American consents to the Settlement and to certification of a class action for settlement purposes only, solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of its business operations.

F.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by American of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

G.     This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by American.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.     DEFINITIONS

As used herein, the following terms have the meanings set forth below.

A.     "American" means Defendant American Airlines, Inc.

B.     "American's Baggage Policy" or "Baggage Policy" mean those checked baggage entitlements and fees listed in American's Conditions of Carriage, including its Checked Baggage Policy, and International General Rules, and the Optional Service Fees and Elite Status Benefits pages on American's website www.aa.com, regarding the quantity of bags that passengers and certain companions of passengers may check for no additional charge.

C.     "American's Counsel" means Latham & Watkins LLP.

D.     "At-Issue Baggage Fee" means any baggage fee that a Settlement Class Member paid to American during the Class Period to check a Baggage Policy Bag or Confirmation Email Bag.  "At-Issue Baggage Fee" does not include any baggage fees for which American has already provided a refund.

E.     "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section VI, Paragraph B.

F.     "Baggage Policy Bag" means any checked bag for which American charged a Settlement Class Member a fee inconsistently with statements in American's Baggage Policy

4

that passengers may check one or more bags for no additional charge for any of the following reasons:

> 1.      At the time of check-in, the passenger held a First or Business Class ticket for a domestic flight;

> 2.      At the time of check-in, the passenger held a Business Class ticket for an international flight;

> 3.      At the time of check-in, the passenger held AAdvantage elite status with American or an equivalent frequent flyer elite status with a partner airline, or traveled on the same itinerary as a passenger who held such status;

> 4.      At the time of check-in, the passenger was an active U.S. Military member or the dependent of a U.S. Military member travelling on orders;

> 5.      At the time of check-in, the passenger was an active U.S. Military member on personal travel.

"Baggage Policy Bags" does not include oversized and overweight checked bags, specialty items, and sports equipment.

G.      "CAFA Notices" means the notice of this Settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

H.      "Claim Deadline" means the date by which the Settlement Class must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.  The Claim Deadline will be ninety (90) Days after the Class Notice described in Section VIII, Paragraph G.1 has been issued.

I.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which shall be substantially in the form of Exhibit A.

J.      "Class Counsel" means Linda M. Dardarian, Byron Goldstein, and Raymond Wendell of Goldstein, Borgen, Dardarian & Ho and Benjamin Edelman of Law Offices of Benjamin Edelman.

K.      "Class Notice" means the notice of the Settlement substantially in the form of Exhibit B, to be made available to the Settlement Class on the Settlement Website.

L.      "Class Notice List" means a list of all individuals who American identifies through reasonable searches of its business records as persons who may be members of the Settlement Class.

M.      "Class Period" means the time period between July 13, 2013 and the date on which this Settlement Agreement is fully executed by the Parties.

N.      "Confirmation Email" means the E-Ticket Summary and Your Trip Confirmation email that American sent to certain Settlement Class Members following ticket purchase for some period of time beginning on approximately November 30, 2016, stating eligibility to check a first bag for that ticketed trip at no additional charge.

O.      "Confirmation Email Bag" means any first checked bag for which a Settlement Class Member was charged a fee by American inconsistently with a Confirmation Email's statement that the Settlement Class Member could check the bag for no additional charge.

P.      "Court" means the United States District Court for the District of Massachusetts.

Q.      "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from

6

which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Massachusetts legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Massachusetts legal holiday.

R.     "Effective Date" means the date defined in Section XIV.

S.     "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

T.     "Final" means final as defined in Section XIV, Paragraph B.

U.     "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section XII.

V.     "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section VI, Paragraph E.

W.     "Litigation" means the action captioned *Max Bazerman, et al. v. American Airlines, Inc.*, Case No. 1:17-cv-11297-WGY (D. Mass. 2017).

X.     "Notice and Administration Costs" means the reasonable and authorized costs and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and expenses incurred by the Settlement Administrator or American in administering the Settlement, including but not limited to costs and expenses associated with notifying members of the Settlement Class, assisting them, processing claims, issuing and mailing the benefits provided by the Settlement, and other reasonable and authorized fees and expenses of the Settlement Administrator.

Y.     "Objection Date" means the date by which Settlement Class Members must file objections, if any, to the Settlement.

Z.     "Opt-Out" means a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section X, Paragraph B. An Opt-Out rescinds his or her request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

AA.     "Opt-Out Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class.

BB.     "Opt-Out List" means the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

CC.     "Parties" means Plaintiff together with American.  Plaintiff shall be referred to as one "Party," with American as the other "Party."

DD.     "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

EE.     "Plaintiff" means Max Bazerman.

FF.     "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

GG.     "Preliminary Approval Order" means the order defined in Section XI and entered by the Court preliminarily approving the Settlement.

HH.    "Refund" means the cash compensation that Settlement Class Members who submit Valid Claim Forms and whose claims are verified shall be entitled to receive as detailed in Sections IV and IX, which will be payable from the Settlement Account.

II.    "Refund Notification Form" means the notification, substantially in the form of Exhibit C, to be provided to Settlement Class Members with Verified Claims, by email, or mail when no email address is available, as detailed in Section IX, Paragraph K.

JJ.    "Refund Total" means the sum of all Refunds.

KK.    "Release" means the release and discharge, as of the Effective Date, by Plaintiff and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors) of all Released Claims against the Released Persons.

LL.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities for restitution, actual, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interest, costs, penalties and any other relief, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, which Plaintiff and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences between July 13, 2013 and the Settlement Date based on At-Issue Baggage Fees incurred by Settlement Class Members.

MM.    "Released Persons" means American, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers,

partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups,

directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys.

NN.    "Settlement," "Settlement Agreement," or "Agreement" means this Settlement

Agreement and Release, including all exhibits hereto.

OO.    "Settlement Account" means an interest-bearing bank account designated by the

Settlement Administrator to which American will transfer funds to cover all Refunds, as

described further in Section V.

PP.    "Settlement Administrator" means the independent professional service company

to be selected by the Parties, subject to approval of the Court, which will administer Class

Notice, administer the Settlement in accordance with this Settlement Agreement, maintain the

Settlement Website and engage in any other tasks directed by the Court, Class Counsel or

American's Counsel.

QQ.    "Settlement Class" means all Persons who fall within the definition of the class

identified in Section III, Paragraph A.

RR.    "Settlement Class Members" means all Persons in the Settlement Class to whom

notice is individually directed after being identified through reasonable efforts, as described in

Section VIII, Paragraph G, and who do not exclude themselves (i.e., become Opt-Outs) pursuant

to Section X, Paragraph B.  "Settlement Class Members," also includes any persons to whom

notice has not been directed through the Settlement Class Notice Program but who nonetheless

submit a Valid and Verified Claim.

SS.    "Settlement Class Data" means the data set(s) in the custody and control of

American's data analysis consultant containing data about all Settlement Class Members that is

reasonably accessible to American and relevant to developing the Class Notice List or implementing the Claims Process.

TT.    "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

UU.    "Settlement Date" means the date upon which this Settlement Agreement is fully executed by all Parties.

VV.    "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice, the Claim Form, and information about the filing and processing of Claims.

WW.   "Summary of Class Notice" means an abbreviated notice form that refers Class Members to the Class Notice, substantially in the form of Exhibit D.

XX.    "Valid Claim Form" means a Claim Form completed and timely submitted by a Settlement Class Member, as described in Section IX, Paragraph B.

YY.     "Verified Claim" means a Claim Form submitted by a Settlement Class Member who, after the verification process described in Section IX, Paragraph D, is determined to have incurred At-Issue Baggage Fees.

ZZ.    "Weekly Update" means the update from the Settlement Administrator, as described in Section IX, Paragraph I.

AAA.  The plural of any defined term includes the singular, and vice versa, as made necessary in context.

### III.   PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.      Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class:

1.      All residents of the United States (including the fifty states, the District of Columbia, the U.S. Virgin Islands, and Puerto Rico) who:

a.      traveled on American Airlines ("American"),

b.      at any time between July 13, 2013 and the Settlement Date (the "Class Period"), and

c.      meets the criteria of either or both subsections (1) and (2) below:

(1)      were charged a checked bag fee inconsistently with statements in American's Baggage Policy that passengers may check one or more bags for no additional charge, excluding oversized and overweight checked bags, specialty items, and sports equipment, for any of the following reasons:

(a)   At the time of check-in, the passenger held a First or Business Class ticket for a domestic flight;

(b)   At the time of check-in, the passenger held a Business Class ticket for an international flight;

(c)   At the time of check-in, the passenger held AAdvantage elite status with American or an equivalent frequent flyer elite status with a partner airline, or traveled on the same itinerary as a passenger who held such status;

12

(d)   At the time of check-in, the passenger was an active U.S. Military member or the dependent of a U.S. Military member travelling on orders;

(e)   At the time of check-in, the passenger was an active U.S. Military member on personal travel.

(2)   were charged a checked bag fee inconsistently with a Confirmation Email received by the passenger stating eligibility to check a first bag for that ticketed trip at no additional charge.

2.   Specifically excluded from the Settlement Class are the following Persons:

a.   American and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

b.   Class Counsel; and

c.   The judges who have presided over the Litigation and any related cases.

B.   Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying the Settlement Class, appointing Plaintiff as the representative of the Settlement Class and appointing the following as counsel for the Settlement Class:

> Linda M. Dardarian
> Byron Goldstein
> Raymond Wendell
> Goldstein, Borgen, Dardarian & Ho
> 300 Lakeside Drive, Suite 1000
> Oakland, CA 94612
> Telephone: (510) 763-9800
> Facsimile: (510) 835-1417
> AAcheckedbags@gbdhlegal.com
>
> Benjamin Edelman
> 169 Walnut Street
> Brookline, MA 02445
> Telephone: (617) 359-3360
> ben@benedelman.org

C.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiff and Class Counsel are adequate representatives of the Settlement Class.

D.      In the event that the Settlement Agreement is terminated pursuant to Section XII, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.    BENEFITS TO THE CLASS

A.      Pursuant to the terms and conditions set forth in this Agreement, American agrees to fund the Settlement Account, which will be used to pay all Refunds.

B.      Subject to the terms of this Agreement, Settlement Class Members who submit a Verified Claim shall be eligible to receive:

1.      A full refund of their At-Issue Baggage Fees and interest on their At-Issue Baggage Fees calculated at a five (5) percent annual rate from July 13, 2017 until the date

14

that the Court sets in the Preliminary Approval Order for holding the Fairness Hearing,

for any Baggage Policy Bags; and/or

2.     A refund of seventy-five (75) percent of their At-Issue Baggage Fees, for

any Confirmation Email Bags.

## V.     FUNDING THE SETTLEMENT

A.     American shall have no obligation to make any payments under this Settlement

Agreement until after the Court enters a Preliminary Approval Order.

B.     Once the Court enters a Preliminary Approval Order, American shall pay agreed-

upon reasonable Notice and Administration Costs arising under this Settlement Agreement by

making such payments directly to the Settlement Administrator (or to such other party incurring

such costs) as those costs are incurred and payment becomes due.

C.     Within thirty (30) Days of the Effective Date, American will cause an amount

sufficient to cover the Refund Total, to be transferred to the Settlement Account as designated by

the Settlement Administrator.  Any interest that accrues on the Refund Total in the Settlement

Account will be added to the Refund Total.

D.     Any amounts remaining in the Settlement Account after one hundred and eighty

(180) Days from the Settlement Administrator's final mailing of Refunds to Settlement Class

Members, including any interest that accrued, shall revert in full to American.

E.     American shall not be obligated to pay more under this Settlement Agreement

than the Refund Total, Notice and Administration Costs, the Attorneys' Fees, Expenses and

Costs Award, and the Incentive Award.

## VI.   ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

A.     The Parties agree that Class Counsel are entitled to an award of attorneys' fees,

expenses, and costs, the amount of which will be determined by the Court.

15

B.      Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of expenses and costs in an amount not to exceed in total $2,750,000.  Class Counsel can seek attorneys' fees under the Common Fund doctrine or lodestar/multiplier approach under either federal or Texas state law.  American reserves the right to oppose Class Counsel's application for said award of fees, costs and expenses under either method.

C.      Class Counsel agree that once they receive the attorneys' fees, expenses and costs awarded by the Court, American's obligations to Class Counsel under this Agreement and based on Settlement Class Members' Released Claims shall be fully satisfied and discharged, Class Counsel shall have no further or other claim against American under this Agreement and based on Settlement Class Members' Released Claims, including but not limited to any attorneys' lien claim, and that American shall have fully discharged its obligation to pay fees, costs and expenses to Class Counsel.

D.      Within thirty (30) Days of the Effective Date or the Court's order granting Plaintiff's application for an award of Attorneys' Fees, Expenses and Costs, whichever is later, American will cause the amount of the Court's Award of Attorneys' Fees, Expenses and Costs to be paid to Class Counsel by wire transfer into a bank account designated by Class Counsel.

E.      Plaintiff will apply for an Incentive Award in an amount to be paid directly by American.  Plaintiff shall apply for an award not to exceed $2,500.

F.      Plaintiff agrees that once American has paid the Incentive Award, the Court's Award of Attorneys' Fees, Expenses and Costs to Class Counsel, funded the Settlement Account and paid the Notice and Administration Costs, American's obligations to Plaintiff and the Settlement Class under this Settlement Agreement shall be fully satisfied and discharged, and

16

Plaintiff and the Settlement Class shall have no further or other claim against American related to the claims alleged in the Complaint up through the Effective Date.

G.      Within thirty (30) Days of the Effective Date or the Court's order granting Plaintiff's application for an Incentive Award, whichever is later, American will cause the amount of the Incentive Award to be paid to Plaintiff by wire transfer into a bank account designated by Plaintiff.

H.      Any order or proceedings relating to the applications for the Attorneys' Fees, Expenses, and Costs Award and the Incentive Award, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.  ONGOING MEET AND CONFER OBLIGATIONS REGARDING SETTLEMENT CLASS DATA FOR CLASS NOTICE AND SETTLEMENT ADMINISTRATION

A.      The Parties agree that the Settlement Class Data should, to the extent practicable: (i) encompass all members of the Settlement Class, (ii) reduce the inclusion of individuals who are not members of the Settlement Class, if any, in the Class Notice List and Claims Process, and (iii) be gathered, analyzed, and utilized in a manner designed to make the Class Notice and Claims Process as effective and efficient as reasonably possible for Plaintiff, members of the Settlement Class, American, and Class Counsel.

B.      In order to meet the goals set forth in Section VII, Paragraph A, the Parties will engage in the following information sharing and meet and confer process:

1.      No later than five (5) Days after the Settlement Date, American will provide Class Counsel with data similar to the data American has previously produced to Class Counsel, including updated data scripts, random rows of data from the Settlement

Class Data, data output generated by data script searches, and assumptions applied to data scripts, for Settlement Class Data.  If American contends that the Settlement Class Data is over-inclusive, American will provide Class Counsel with a sample of records illustrating that the Settlement Class Data is over-inclusive (*i.e.* PNRs within the Settlement Class Data that are false positives).  To the extent applicable, information should be in a machine-readable format.  American is not required to provide Plaintiff with personally-identifiable information for members of the Settlement Class.

2.      No later than ten (10) Days after the Settlement Date, the Parties, their Counsel, and American's data analysis consultant shall meet and confer by telephone to discuss methods to confirm the accuracy of, and if necessary and reasonable, refine the Settlement Data.  During this meet and confer, the Parties, their Counsel, and American's data analysis consultant shall also discuss possible methods for streamlining and further automating the Claims Verification Process.  In addition, to assess possible under-inclusiveness of the Settlement Class Data, American will cross-check the Settlement Class Data with customer complaints and provide Class Counsel with information about the results of that cross-check during this meet and confer.

3.      Commencing five (5) Days after the Preliminary Approval Date, and continuing once every two-weeks throughout Claim Process, or as otherwise agreed upon by the Parties, the Parties will meet and confer about the gathering, analyzing, and utilizing of Settlement Class Data as it pertains to the Claim Verification Process.  The Parties shall work together in good faith, including with American's data analysis consultant, to confirm the accuracy of and to refine, if necessary and reasonable, the Claims Verification Process.  To the extent the information shared as provided in

18

Paragraph B, Subpart 1 of this Section has changed, and to the extent reasonably requested by Class Counsel, this meet and confer process may include code reviews, the sharing of additional data scripts, random rows of data from the Settlement Class Data, results of data script searches, and assumptions applied to data scripts, upon Plaintiff's reasonable request.  American shall give good faith consideration to Plaintiff's reasonable requests.

       4.     American shall give good faith consideration to, and use best efforts to incorporate the substance of, Plaintiff's reasonable comments and suggestions for making the Class Notice and Claims Processes more effective and efficient.

## VIII. <u>SETTLEMENT ADMINISTRATION AND CLASS NOTICE PROGRAM</u>

A.     The Parties agree the following Settlement Class Notice Program is designed to provide notice to the Settlement Class as required by Federal Rule of Civil Procedure 23(c)(2)(B) and the Due Process Clause of the United States Constitution.

B.     American will bear all Notice and Administration Costs.

C.     Prior to the hearing on Preliminary Approval, the Parties will submit the name and qualifications of an agreed-upon administrator to serve as the Settlement Administrator and will request that the Court appoint that Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.  The Settlement Administrator will be responsible for administering:

       1.     The CAFA Notice as required by statute;

       2.     The Settlement Class Notice Program as set forth below;

       3.     The Settlement Website; and

19

4.     The claims process set forth in Section IX as well as any additional processes agreed to by Class Counsel and American's Counsel and subject to the Court's supervision and direction as circumstances may require.

D.     Within fourteen (14) Days of the Preliminary Approval Date, American shall provide to the Settlement Administrator the Class Notice List.  This list will also include the most current information in American's records for those individuals' email and U.S. mail addresses, and any other personal information reasonably requested by the Settlement Administrator to best ensure that individual notice is provided to all members of the Settlement Class known to American.  Also within fourteen (14) Days of the Preliminary Approval Date, American shall provide to Class Counsel the total number of individuals on the Class Notice List.

E.     The Settlement Administrator will use the National Change of Address Database maintained by the United States Postal Service to update addresses before U.S. mailings are sent to members of the Class Notice List.  If American's records do not provide a mailing address and/or email address for any member of the Settlement Class on the Class Notice List, the Settlement Administrator may use any information or resource reasonably available to identify such addresses.

F.     No later than ten (10) Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website.  The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Class Notice; a Summary of Class Notice, a Claim Form that may be submitted online or downloaded and submitted by email or U.S. Mail; orders of the Court pertaining to the Settlement; this Agreement; Class Counsel's contact information (email

20

addresses and telephone numbers); and the Settlement Administrator's contact information (email address and telephone number).  Class Counsel and American's Counsel shall agree on all information and documents to be posted on the Settlement Website.  The Claim Form shall be removed from the Settlement Website five (5) Days after the Claim Deadline has passed.  The Settlement Website will be deactivated at a time agreed upon by the Parties.

G.  **Class Notice**

1.  No later than thirty (30) Days after the Preliminary Approval Date, the Settlement Administrator will post the Class Notice on the Settlement Website and send the Court-approved Summary of Class Notice D and Claim Form A by email to all individuals on the Class Notice List whose email addresses were provided by American or derived as part of the process described in Paragraph E above.

2.  No later than ten (10) Days after the mailing process described in Paragraph G.1, the Settlement Administrator will mail the Court-approved Summary of Class Notice and a Claim Form with prepaid postage to all individuals on the Class Notice List who the Settlement Administrator determines have yet to submit a Claim Form and whose mailing addresses were derived as part of the process described in Paragraph E above.

3.  No later than sixty (60) Days after the mailing process described in Paragraph G.1, the Settlement Administrator will mail the Court-approved Postcard/Email Reminder (substantially in the form of Exhibit E) to all individuals on the Class Notice List who have yet to submit a Claim Form and whose mailing addresses were derived as part of the process described in Paragraph E above.

4.      No later than seventy (70) Days after the mailing process described in Paragraph G.1, the Settlement Administrator will email the Court-approved Postcard/Email Reminder to all individuals on the Class Notice List who have yet to submit a Claim Form and whose mailing addresses were not derived as part of the process described in Paragraph E above.

H.      Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

I.      Unless otherwise set forth in this Agreement, the Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not knowingly contact American passengers for any purpose related to the Settlement Agreement other than to provide the notice and other documents authorized by the Preliminary Approval Order or to respond to any of the passenger's inquiries.  This provision does not apply to communications with any member of the Settlement Class who has submitted a Claim Form, an Opt-Out request, or an Objection pursuant to Sections IX or X below.

## IX.  CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.      Only Settlement Class Members who file Claim Forms and have Verified Claims will be entitled to Refunds.  To file a Claim Form, a Settlement Class Member must:

1.      Complete a Claim Form; and

2.      Return the completed Claim Form to the Settlement Administrator by mail or submit via the Settlement Website on or before the Claim Deadline.

B.      The Settlement Administrator shall review all Claim Forms to determine whether each Claim Form is substantially complete and in compliance with the Claim Form instructions ("Valid Claim Forms").

22

1.      Any Claim Form that is postmarked, emailed, or submitted via the Settlement Website later than the Claim Deadline shall be rejected.

2.      Any Settlement Class Member who files a Claim Form that is not substantially complete or in compliance with the Claim Form instructions shall be notified of the deficiency by the Settlement Administrator and shall have fifteen (15) Days to resolve any defects and complete the Claim Form.  Any Settlement Class Member who fails to resolve such defects to the Settlement Administrator's satisfaction shall be deemed not to have a Valid Claim Form.

C.      On a weekly basis, starting from the date on which the Settlement Administrator received the first Valid Claim Form, the Settlement Administrator shall forward each Valid Claim Form to American's Counsel.

D.      For each Valid Claim Form, American shall verify whether the claimant is a Settlement Class Member, whether he/she incurred any At-Issue Baggage Fees, and calculate the total At-Issue Baggage Fees incurred by the Settlement Class Member, if any ("Verified Claims").

E.      Any Claim Form that American determines was filed by someone who is not a Settlement Class Member or is otherwise fraudulent is an "Ineligible Claim."

F.      On a rolling basis, but not later than twenty-one (21) Days after receiving a Valid Claim Form from the Settlement Administrator, American shall notify the Settlement Administrator and Class Counsel whether the Claim is Verified or Ineligible.

G.      For each Verified Claim reported, to the extent possible, American will provide the Settlement Administrator and Class Counsel with the Verified Claim's Refund amount, the

709696.10

quantity of the applicable checked bags, the amount of Refund for each such checked bag, and the applicable flights for the checked bags.

H.      For each Ineligible Claim reported, American will provide the Settlement Administrator and Class Counsel with a summary of the reason for that determination (i.e., not a Settlement Class Member; At-Issue Baggage Fees already refunded; or over-inclusiveness of the search criteria, methods, or results, and if so in what respect), documents supporting the reason(s), and provide Class Counsel with a copy of the Settlement Class Member's Valid Claim Form.

I.      Throughout the Class Notice and Claim Filing periods, the Settlement Administrator shall provide the Parties with weekly reporting of the following information: (a) the Opt-Outs received, pursuant to Section X, Paragraph E, below; and (b) the status of notice mailings, including the numbers of remailings to forwarding addresses and numbers of forwarding addresses searched for and located.

J.      If Class Counsel do not agree with American's Ineligible Claim determination or Refund amount calculation, they shall bring it to the attention of American's Counsel within ten (10) Days of receiving the report, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the Claim.  Upon request of Class Counsel, American will provide any business records on which it relied to make the determination of Ineligibility or Refund amount.  Following their meet and confer, if the Parties have not come to an agreement, the Parties will provide the Settlement Administrator with their positions.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole

discretion, subject only to review by the Court.  American shall have the burden to demonstrate that the Ineligibility determination or Refund amount is correct.

      K.     No later than five (5) Days after receiving American's Verified or Ineligible Claim determination(s), the Settlement Administrator will send the Settlement Class Member notification of American's determination using the Court-approved Refund Notification Form. Refund Notifications will be transmitted to Settlement Class Members via email unless the Settlement Class Member has informed the Settlement Administrator that he or she prefers to be contacted via U.S. Mail.

      L.     Any Settlement Class Member who does not agree with American's Ineligible Claim or Refund amount determination shall have the opportunity to dispute American's determination but must do so within thirty (30) Days of receiving the Refund Notification.  To dispute the Ineligible Claim or Refund amount determination, the Settlement Class Member must submit a letter, email, or other document to the Settlement Administrator, who, within three (3) Days of receipt, shall provide the document(s) to American's Counsel and Class Counsel.

      1.     The Settlement Class Member's written dispute should include the following information:

        a.     A statement that the Settlement Class Member is raising a dispute regarding their Claim or Refund, in the American Airlines case.

        b.     Name, address, telephone number, and any applicable frequent flyer number(s).

        c.     A brief statement explaining why the Settlement Class Member disagrees with the Ineligibility determination or Refund amount.

d.      Any additional facts or documentation that the Ineligibility

determination or Refund amount is incorrect (*e.g.,* a receipt showing the checked

bag fees paid, or a confirmation email indicating travel in a premium cabin, *etc.*).

2.      Within ten (10) Days of receiving the letter or other written document,

American will review the Settlement Class Member's dispute to determine its validity

and communicate its determination to Class Counsel.

3.      American's determination of any Settlement Class Member's dispute shall

not result in the Settlement Class Member receiving a lower Refund amount.

4.      If Class Counsel agrees with American's determination, they shall bring it

to the attention of American's Counsel within five (5) Days of receiving American's

position, and American will then notify the Settlement Administrator of the Parties' final

position.  The Settlement Administrator will notify the Settlement Class Member by

email, or mail when no email address is available or where the Settlement Class Member

has notified the Settlement Administrator of a preference for U.S. Mail, if there has been

a change in status within five (5) Days of receiving the Parties' position.

5.      If Class Counsel do not agree with American's dispute determination, they

shall bring it to the attention of American's Counsel within five (5) Days of receiving

American's determination, and the Parties shall meet and confer and attempt, in good

faith, to resolve the dispute.  Following their meet and confer, the Parties will provide the

Settlement Administrator with their positions.  The Settlement Administrator, after

considering the positions of the Parties and, if appropriate, seeking any additional

information from the Settlement Class Member, will make the final decision in its sole

discretion, subject only to review by the Court.  American shall have the burden to

demonstrate that its position is correct.  Within five (5) Days of making its decision, the

Settlement Administrator will notify the Settlement Class Member of any change in

status by email, or mail when no email address is available or where the Settlement Class

Member has notified the Settlement Administrator of a preference for U.S. Mail, within

fourteen (14) Days of receiving the Parties' position.

M.      At any time during the claims process, if the Settlement Administrator has a

reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class

Counsel and American's Counsel of that fact and the basis for its suspicion.  Class Counsel and

American's Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and,

if necessary, the Parties will promptly seek assistance from the Court.

N.      No later than thirty (30) Days after the Effective Date, the Settlement

Administrator shall cause the distribution of Refunds to Settlement Class Members in the form of

checks or electronic payments, per the Settlement Class Member's election of payment method.

Settlement Class Members eligible to receive Refunds of $600.00 or above may be required to

provide a W-9 or Taxpayer ID to the Settlement Administrator for IRS reporting requirements.

If required by law, the Settlement Administrator will notify those Settlement Class Members

whose Refunds are $600.00 or above that they must provide a W-9 or Taxpayer ID to the

Settlement Administrator.  Those Settlement Class Members will then be given ninety (90) Days

to provide the requisite information described above.  Settlement Class Members who fail to

provide the requisite information will forfeit their Refunds.

## X.      OBJECTIONS AND OPT-OUT RIGHTS

A.      Any Settlement Class Member who intends to file a written objection to the

Settlement must do so on or before the Objection Date.  In order to file a written objection, the

Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and American's Counsel the following:

      1.      The name, address, telephone number, and email address (if any) of the Person objecting and, if represented by counsel, of his/her counsel;

      2.      A signed statement that he or she is a member of the Settlement Class and during the Class Period purchased a ticket for air travel on American and was charged At-Issue Baggage Fees;

      3.      A statement of all objections to the Settlement; and

      4.      A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

      B.      A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on

behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed. Any member of the Settlement Class who opts out but also files a Claim Form before the Claim Deadline rescinds his or her opt out.

      C.     All Settlement Class Members will be bound by the terms of the Settlement Agreement upon the Effective Date, regardless of whether they file a Claim Form or receive any monetary relief from the Settlement.

      D.     Any member of the Settlement Class who properly opts out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

      E.     The Settlement Administrator shall provide Class Counsel and American's Counsel with the Opt-Out List as part of the Weekly Updates set forth in Section IX, Paragraph I, and shall provide the Parties with the final Opt-Out List within seven (7) Days after the Opt-Out Date.

## XI.  PRELIMINARY APPROVAL PROCESS

      After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

      A.     Preliminarily approve this Settlement Agreement.

      B.     Preliminarily certify the Settlement Class.

      C.     Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential

709696.10

terms of the Settlement; (ii) disclose any special benefits or incentives to the class representative; (iii) provide information regarding the Attorneys' Fee Award and request for reimbursement of expenses and costs; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Refund Total; and (vi) prominently display the contact information of Class Counsel and the procedure for making inquiries.

       D.      Schedule a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

       E.      Appoint the Settlement Administrator.

       F.      Approve the Class Notice, and direct the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

       G.      Find that the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

       H.      Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

       I.      Approve the Claim Form and set a Claim Deadline.

       J.      Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion,

postmarked no later than the Opt-Out Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

   K. Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

   L. Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and American's Counsel no later than the Objection Date, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

    1. The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

    2. A declaration stating that he or she is a member of the Settlement Class and during the Class Period purchased a ticket for air travel on American and was charged At-Issue Baggage Fees;

    3. A statement of all objections to the Settlement; and

    4. A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

   M. Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

N.      Specify that any Settlement Class Member who does not raise a timely objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.      Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fees, Expenses, and Costs Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and American's Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Objection Date or as the Court may otherwise direct.

P.       Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing to so state in their objection papers or as the Court otherwise may direct.

Q.      Direct the Settlement Administrator to establish a post office box and email address in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, American's Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fees, Expenses and Costs Award and Plaintiff's Incentive Award at least fourteen (14) Days prior to the Objection Date.

S.      Order the Settlement Administrator to provide the final Opt-Out List to Class Counsel and American's Counsel no later than seven (7) Days after the Opt-Out Date and then

32

file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties or Court may direct.

      T.      Preliminarily enjoin all Settlement Class Members from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Notwithstanding the foregoing, this provision, and any other provision of the Settlement Agreement, does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

## XII.  <u>FINAL ORDER AND JUDGMENT AND RELEASES</u>

      A.      If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

709696.10

1.      Finds that the Court has personal jurisdiction over Plaintiff, American, and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

2.      Certifies a Settlement Class solely for purposes of this Settlement;

3.      Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

4.      Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

5.      Finds that the Settlement Class Notice Program:  (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (iii) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) met all requirements of due process and any other applicable law;

6.      Approves the Claim Form that was distributed to the Settlement Class;

34

7.      Finds that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

8.      Dismisses the Litigation now pending before the Court, with prejudice with respect to the Released Claims, and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

9.      Adjudges that Plaintiff and all Settlement Class Members have conclusively compromised, settled, dismissed and released any and all Released Claims against American and the Released Persons;

10.     Approves payment of the Attorneys' Fees, Expenses and Costs Award and Incentive Award as determined by the Court;

11.     Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, American, Plaintiff and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

12.     Provides that upon the Effective Date, Plaintiff and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against American and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against American and all Released Persons;

13.     Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by American or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

14.     Bars and permanently enjoins all Settlement Class Members from (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; and (ii) organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

15.     Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms before the Claim Deadline; and

36

16.     Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment; and (ii) do not limit the rights of the Parties or Settlement Class Members.

B.     As of the Effective Date, the Settlement Class Members are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

1.     Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Released Claims shall be dismissed with prejudice and released.

2.     Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members with respect to the Settlement, the administration of such Settlement, and/or the Released Claims as well as any and all claims for the Incentive Award to Plaintiff, and the Attorneys' Fees, Expenses and Costs Award to Class Counsel.

3.     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including those relating to participation in any of the processes detailed herein.

## XIII. <u>WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT</u>

A.     Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

709696.10

1.      If the Court declines to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

2.      If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fees, Expenses and Costs Award or the Incentive Award shall not be deemed to be a material alteration; or

3.      If the Final Order and Judgment is not entered by the Court or is reversed, modified or vacated on appeal.

B.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding ten percent (10%) of the number of individuals on the Class Notice List, then American may elect in its sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.

C.      In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, American must notify Class Counsel in writing of its election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

D.      In the event that American exercises such right, Class Counsel shall have, at their discretion, fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number set forth in Paragraph B. above, American shall withdraw its election to withdraw from the Settlement and terminate the Settlement Agreement.  In no event, however, shall American have any further obligation under this Agreement to any Opt-Out unless it withdraws its request for exclusion.

E.      For purposes of this Paragraph, Opt-Outs shall not include (1) Persons who are specifically excluded from the Settlement Class definition; (2) Opt-Outs who elect to withdraw

38

their request for exclusion; and (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

F.      In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to American, Plaintiff and the Settlement Class Members, and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XIV. **EFFECTIVE DATE**

A.      The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

    1.      This Settlement Agreement has been fully executed by all Parties and their counsel;

    2.      Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

3.      The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

4.      The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

5.      The Final Order and Judgment has become Final as defined in Paragraph B below.

B.      "Final," when referring to a judgment or order means that (1) the judgment is a final, appealable judgment; and (2) either (i) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (ii) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.      If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

## XV.   NOTICES

A.      All notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail and email to the following addresses:

All notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

> Linda M. Dardarian
> Byron Goldstein
> Raymond Wendell
> Goldstein, Borgen, Dardarian & Ho
> 300 Lakeside Drive, Suite 1000
> Oakland, CA 94612
> Telephone: (510) 763-9800
> AAcheckedbags@gbdhlegal.com
>
> Benjamin Edelman
> 169 Walnut Street
> Brookline, MA 02445
> Telephone: (617) 359-3360
> ben@benedelman.org

All notices to American or American's Counsel provided herein shall be sent to American's Counsel, c/o:

> U. Gwyn Williams
> David C. Tolley
> Latham & Watkins LLP
> John Hancock Tower, 27th Floor
> 200 Clarendon Street
> Boston, MA 02116
> Telephone: (617) 948-6000
> gwyn.williams@lw.com

B.      The notice recipients and addresses designated above may be changed by written notice.

C.      Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of non-privileged comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## XVI. <u>MISCELLANEOUS PROVISIONS</u>

A.      <u>**Interpretation**</u>.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that

41

the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.  **Binding Effect**.  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C.  **Headings**.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

D.  **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

E.  **Amendment**.  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties.  After entry of the Final Order and Judgment, any amendment to or modification of this Settlement Agreement will require Court approval unless

such changes are consistent with the Court's Final Order and Judgment and do not materially alter, reduce or limit the rights of Settlement Class Members under this Settlement Agreement. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

      F.    **Integration of Exhibits**.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

      G.    **Jurisdiction**.  The United States District Court for the District of Massachusetts has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

      H.    **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including American, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

      I.    **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Texas, except as otherwise set forth in Section VI, Paragraph B.

J.     **Counterparts**.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to constitute one and the same instrument.  A signed copy of this Settlement Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Settlement Agreement.

K.     **Media Statements.**  American, American's Counsel, Plaintiff, and Class Counsel agree that any publicity about this settlement and statements or communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation shall not be inconsistent with the Class Notice and the Settlement Agreement.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude a Party from making a public statement in support of the Settlement Agreement.

L.     **Confidentiality.**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

M.     **Confidential Material.**  Within thirty (30) Days after the Effective Date or final payment of all of American's obligations under this Settlement Agreement, whichever is later, Class Counsel and American's Counsel will confirm destruction of all confidential material produced by one to the other in discovery or otherwise in connection with the Litigation, except for documents that must be saved for malpractice purposes, which shall be destroyed within seven (7) years.

N.     **No Assignment.**  Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiff has or may have arising out of any allegations made in any of the actions comprising the Litigation or

44

pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no Person other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiff.

O.      **Stay.**  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other materials necessary to obtain and preserve final judicial approval of this Settlement Agreement.

P.      **Best Efforts.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

*Defendant:*

American Airlines, Inc.

By: _Paul D Jones_

Its: _Senior Vice President and General Counsel,_

*Approved as to form:*                    **LATHAM & WATKINS LLP**

By: _____

U. Gwyn Williams
David C. Tolley
Latham & Watkins LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6000

47

709696.10

*Defendant:*

American Airlines, Inc.

By:_____

Its:_____

*Approved as to form:*                    **LATHAM & WATKINS LLP**

By:_____ 6-7-18

U. Gwyn Williams
David C. Tolley
Latham & Watkins LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6000

47

709696.10

DocuSign Envelope ID: 0027C0CF-702E-4162-9B29-FF47062F3DCB

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiff:*

Max Bazerman

By: _~Max Bazerman~_      6/6/2018 5:29:59 PM PDT
    17F782535D51422...

*Approved as to form:*

        **GOLDSTEIN, BORGEN, DARDARIAN & HO**

        By: _Linda M. Dardarian_ 6/7/18
          Linda M. Dardarian
          Byron Goldstein
          Raymond Wendell
          Goldstein, Borgen, Dardarian & Ho
          300 Lakeside Drive, Suite 1000
          Oakland, CA 94612
          Tel: (510) 763-9800
          Fax: (510) 835-1417

        **LAW OFFICES OF BENJAMIN EDELMAN**

        By:_____
          Benjamin Edelman
          169 Walnut Street
          Brookline, MA 02445
          Tel: (617) 359-3360

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiff:*

Max Bazerman

By:_____

*Approved as to form:*

**GOLDSTEIN, BORGEN, DARDARIAN & HO**

By:_____
    Linda M. Dardarian
    Byron Goldstein
    Raymond Wendell
    Goldstein, Borgen, Dardarian & Ho
    300 Lakeside Drive, Suite 1000
    Oakland, CA 94612
    Tel: (510) 763-9800
    Fax: (510) 835-1417

**LAW OFFICES OF BENJAMIN EDELMAN**

DocuSigned by:
*Ben Edelman*                                          6/6/2018 7:00:56 PM PDT
By:___E1418C2F2BD34BE_____
    Benjamin Edelman
    169 Walnut Street
    Brookline, MA 02445
    Tel: (617) 359-3360

46

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated on the NEF as non-registered participants on June 7, 2018.

/s/ Linda M. Dardarian
Linda M. Dardarian

# EXHIBIT A

**UNITED STATES DISTRICT COURT – DISTRICT OF MASSACHUSETTS**
*Bazerman, et al. v. American Airlines, Inc.*

# Checked Bag Refund Claim Form

> **Your Signed Claim Form Must Be Submitted Electronically or
> Mailed and Postmarked No Later Than [MM DD, YYYY], Or You
> Will Not Receive Money from this Settlement.**

American Airlines' computerized records indicate that you may have been incorrectly charged fees for checked bags.

If you want American to verify whether you have been incorrectly charged to check bags, you must complete and return this Claim Form by the Deadline above.

Refunds for verified claims will range from **$18.75, to $200.00 plus interest** for **each** incorrectly charged check bag.

Please verify your contact information:

**Name:**   John Smith                         **Email:** johnsmith@gmail.com

**Address:**   123 Main Street                 **Frequent flyer numbers[1]: AA A1235B**
Anywhere, XX 12345

If your contact information above is blank, inaccurate, or incomplete, please provide details below.

**Name:** _____   **Email:** _____

**Address:** _____   **Frequent flyer number[1] (Optional)** _____

_____

Are you a resident of the United States of America?[2]   ……………………………….   **Yes** ☐  **No** ☐

If American verifies that you are owed a Refund, please indicate whether you prefer to receive your Refund by check mailed to you or by electronic transfer to your PayPal account:

**Check** ☐      **PayPal** ☐   PayPal account email address (if selected): _____

Further communications related to this Settlement Agreement will be by email (if applicable), but if you prefer to be contacted by postal mail, please check here: ☐

**By signing this form, you are authorizing American Airlines to review its records to determine if it owes you a Refund of incorrectly charged baggage fees, and if so, the amount of your Refund.**

**Print Name:** _____         **Date:** _____

**Signature:** _____

---

[1] You do not have to have a frequent flyer number to be entitled to a Refund.  If you have one or more frequent flyer number(s) associated with your travel on American Airlines at any time since July 13, 2013, please fill in those numbers, as this will help American process your Claim.  Frequent flyer numbers can include American Airlines AAdvantage, the various programs operated by OneWorld partners, and Alaska Airlines Mileage Plan.  If you have used more than one frequent flyer number on your travel with American Airlines, please provide all such numbers.

[2] You must live in one of the fifty states, the District of Columbia, the U.S. Virgin Islands, or Puerto Rico to make a claim.  If you are in the United States only temporarily (for instance, on vacation or a short-term stay) or have never lived in the U.S., then you are not eligible to participate in this settlement.

711959.1

**Questions?  Call [ADMINISTRATOR NUMBER] (toll free) or visit [WEBSITE]**

## RETURN YOUR COMPLETED CLAIM FORM TO:

**[Insert Claims Administrator's email and U.S. Mail return addresses either at top or bottom of the form.  Also the reverse side of the printed form should be addressed to the Claims Administrator, postage prepaid.]**

EXHIBIT B

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

# You Are Receiving This Notice Because American Airlines May Have Incorrectly Charged You to Check Bags, and You May Be Entitled to A Refund of Your Money

**IMPORTANT**
**PLEASE READ THIS NOTICE CAREFULLY**

**THIS NOTICE RELATES TO A CURRENT CLASS ACTION LAWSUIT.  IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS**

*A federal court directed this notice.  This is not a solicitation from a lawyer.  You are not being sued.*

A Settlement has been reached in a class action lawsuit alleging that American Airlines, Inc. ("American") incorrectly charged certain passengers to check their bags.  American denies the allegations in the lawsuit, and the Court has not decided who is right.

Settlement Class Members who submit Claim Forms may be eligible for a Refund.

REFUNDS FOR VERIFIED CLAIMS WILL RANGE FROM **$18.75, TO $200.00 PLUS INTEREST**, FOR **EACH** INCORRECTLY CHARGED CHECK BAG.  (More details are in #7 below.)

Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | Submit a Claim Form seeking payment no later than XXXX.  This is the only way to get a Refund. |
| **EXCLUDE YOURSELF** | Request to be excluded no later than XXXX and receive no payment from the Settlement.  This is the only option that allows you to ever be part of any other lawsuit against American about the legal claims in the Settlement. |
| **OBJECT** | Write to the Court by XXXX about why you do not like the Settlement. |
| **GO TO A HEARING (On[ ● ])** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up your right to be part of this Settlement, or any other lawsuit against American about the same legal claims in this Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court still must decide whether to approve the Settlement.  If it does, and after any appeals are resolved, payments will be distributed to those who submit qualifying Claim Forms.  Please be patient.

**QUESTIONS?  CALL [ ● ] OR GO TO [WEBSITE]**

711958.2

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

| WHAT THIS NOTICE CONTAINS |
|---|

**A. BASIC INFORMATION**.................................................................................**PAGE 3**
    1.   Why is there a notice?
    2.   Why I am receiving this Notice?
    3.   What is this case about?
    4.   Why is this a class action?
    5.   Why is there a settlement?

**B. WHO IS PART OF THE SETTLEMENT**.................................................................**PAGE 4**
    6.   Who is included in the Settlement?

**C. WHAT YOU MAY GET FROM THE SETTLEMENT** ...........................................................**PAGE 5**
    7.   What does the Settlement provide?
    8.   How do I get a Refund?
    9.   What happens after I file my claim?
    10.  When will I receive my payment?

**D. EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................................**PAGE 8**
    11.  How do I get out of the Settlement?
    12.  If I do not exclude myself, can I sue American for the Incorrect Checked Bag Fees later?
    13.  If I exclude myself, can I still get a payment?
    14.  What am I giving up in order to get a Refund?

**E. THE LAWYERS REPRESENTING THE ENTIRE SETTLEMENT CLASS**.............................................**PAGE 9**
    15.  Do I have a lawyer in the case?
    16.  How will the lawyers be paid?

**F. OBJECTING TO THE SETTLEMENT** ...................................................................**PAGE 10**
    17.  How do I tell the Court if I do not like the Settlement?
    18.  What is the difference between objecting and asking to be excluded?

**G. THE FAIRNESS HEARING** ...........................................................................**PAGE 11**
    19.  When and where will the Court decide whether to approve the Settlement?
    20.  Do I have to attend the hearing?
    21.  May I speak at the hearing?

**H. IF YOU DO NOTHING** ..............................................................................**PAGE 11**
    22.  What happens if I do nothing at all?

**I. GETTING MORE INFORMATION**........................................................................**PAGE 12**
    23.  How do I get more information?

711958.2

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

# A. BASIC INFORMATION

## 1. Why is there a notice?

This notice is to inform you about the proposed Settlement of a class action lawsuit and your rights and options.  This notice describes the lawsuit, the proposed Settlement, your legal rights, payments ("Refunds") that are available as a result of the Settlement, and who can get them.

District Court Judge William G. Young of the United States District Court for the District of Massachusetts is overseeing the proposed Settlement in the case titled *Bazerman, et al. v. American Airlines, Inc.,* No. 1:17-CV-11297-WGY (the "Case").  The proposed Settlement will resolve the claims made against American in the Case.  The person who sued is called the "Plaintiff." American is the "Defendant."

## 2. Why am I receiving this Notice?

You are receiving this notice because American's records indicate that you may have been incorrectly charged fees for checked bags.  Read the description of the Settlement Class in #6 below to see whether you may be entitled to the Refunds offered to class members through this Settlement Agreement.

If you wish to get a Refund as part of the Settlement, you will need to submit a Claim Form (described in #8 below).  American will then review its records further to verify if you are entitled to a Refund and if so, in what amount.  For more information about the potential Refunds, look at the chart at #7 below.

## 3. What is this case about?

This Case alleges that between July 13, 2013 and [Settlement Date] ("Case Timeframe") American incorrectly charged certain customers baggage fees, breaching American's contract with these customers.  When customers buy tickets from American for air travel, a contract is formed in which American promises certain customers that they can check a certain number of their bags at no additional charge, depending on route of travel, cabin of service, frequent flyer status or other reasons.  This case alleges that during the Case Timeframe, American breached its contract with certain customers by charging them to check one or more of their bags despite promises that they could do so at no additional cost.

The Settlement resolves the lawsuit.  The Court has not decided who is right.

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Max Bazerman) sue on behalf of themselves and people who have similar claims.  Together, all of those people are members of the "Settlement Class" (read #6 below).

711958.2

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

## 5. Why is there a Settlement?

The Court has not decided in favor of Plaintiff or American. Instead, both sides have agreed to a settlement. That way, they avoid the cost and risk of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the Refunds described in this notice.

## B.     WHO IS PART OF THE SETTLEMENT

## 6. Who is included in the Settlement?

The Settlement Class consists of all residents of the United States (including the fifty states, the District of Columbia, the U.S. Virgin Islands, and Puerto Rico) who:

1. traveled on American Airlines ("American");

2. at any time between July 13, 2013 and [Settlement Date] (the "Case Timeframe"); and

3. meets the criteria of either or both subsections (a) and (b) below:

   a. were charged a checked bag fee inconsistently with statements in American's Baggage Policy that passengers may check one or more bags for no additional charge, excluding oversized and overweight checked bags, specialty items, and sports equipment, for any of the following reasons:

      (1) At the time of check-in, the passenger held a First or Business Class ticket for a domestic flight;

      (2) At the time of check-in, the passenger held a Business Class ticket for an international flight;

      (3) At the time of check-in, the passenger held AAdvantage elite status with American or an equivalent frequent flyer elite status with a partner airline, or traveled on the same itinerary as a passenger who held such status;

      (4) At the time of check-in, the passenger was an active U.S. Military member or the dependent of a U.S. Military member travelling on orders;

      (5) At the time of check-in, the passenger was an active U.S. Military member on personal travel.

   b. were charged a checked bag fee inconsistently with a Confirmation Email received by the passenger stating eligibility to check a first bag for that ticketed trip at no additional charge.

Those Settlement Class Members who fall within the definition of the class identified in (i)-(iii) above have claims for "Baggage Policy Bag" Refunds. Those Settlement Class Members who fall

**QUESTIONS? CALL [ ● ] OR GO TO [WEBSITE]**

711958.2

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

within the definition of the class identified (d) above have claims for "Confirmation Email Bag" Refunds.

Excluded from the Settlement Class are (a) American and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and any related cases.

Judge Young has decided that everyone who fits the description in #6 is a Settlement Class Member. If you have any questions about the Settlement, call the toll-free number, 1-8XX-XXX-XXXX, visit the Settlement Website, www._____ send questions to the Settlement Administrator at _____, P.O. Box XXXX, [City], [State] XXXXX-XXXX; or call Class Counsel toll free at [ ● ].

## C.   WHAT YOU MAY GET FROM THE SETTLEMENT

### 7.  What does the Settlement provide?

American will provide Refunds to Settlement Class Members, as defined in #6 above, if they were incorrectly charged baggage fees and if those charges have not already been refunded. Refunds will be sent to each Settlement Class Member who submits a Valid Claim before the deadline, and after American has verified that the Settlement Class Member is entitled to receive a Refund and the Court has approved this Settlement. (These are referred to as "Verified Claims.")

Each Settlement Class Member is eligible to receive a 100% refund of all incorrectly charged Baggage Policy Bag fees during the Case Timeframe, plus interest.

Each Settlement Class Member is eligible to receive a 75% refund of incorrectly charged Confirmation Email Bag fees.

Any Settlement Class Member who was incorrectly charged to check his or her bag(s) on multiple different occasions is eligible to receive a refund for each of those charges.

Each incorrect baggage charge will only be refunded once. (In other words, if you should have been entitled to check a bag at no charge both because you had elite frequent flyer status and also because you purchased a ticket in a premium cabin, you may only recover the overcharged amount for that bag once.

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

Refunds will be calculated based on the following:

| Category of Passenger | Incorrect Bag Charge | Refund Amount Per Bag[1] |
|---|---|---|
| Held a domestic first or business class ticket at the time of check-in | 1st | $25 |
| | 2nd | $35 |
| | 3rd | $150 |
| Held an international business class ticket at the time of check-in | 1st | $25 |
| | 2nd | $30 to $100 |
| | 3rd | $150 to $200[2] |
| AAdvantage Executive Platinum member or Equivalent Status[3] on a Partner Airline, and companions travelling on the same itinerary | 1st | $25 |
| | 2nd | $30 to $100 |
| | 3rd | $150 to $200[2] |
| AAdvantage Platinum member or Equivalent Status[4] on a Partner Airline, and companions travelling on the same itinerary | 1st | $25 |
| | 2nd | $30 to $100 |
| AAdvantage Gold member or Equivalent Status[5] on a Partner Airline, and companions travelling on the same itinerary[6] | 1st | $25 |
| | 2nd | $30 to $100 |
| Passengers who indicated during ticket purchase or check-in that they were Active U.S. military traveling on orders, and dependents of these passengers | 1st | $25 |
| | 2nd | $30 to $100 |
| | 3rd | $150 to $200[2] |
| | 4th | $150 to 200[2] |
| | 5th | $200[2] |
| Passengers who indicated during ticket purchase or check-in that they were Active U.S. military on personal travel | 1st | $25 |
| | 2nd | $30 to $100 |
| | 3rd | $150 to $200[2] |
| Passengers who were sent a confirmation email after ticket purchase on or after November 30, 2016 stating eligibility to check a first bag for "$0.00" for that trip | 1st | $18.75 |

[1] For certain bags, Refund amounts depend on the date of travel, the date of ticket issuance, and the region of travel.

[2] There is one exception. The Refund for third through fifth checked bags on flights to or from Brazil is $75 (before April 8, 2014) to $85 (on or after April 8, 2014).

[3] "Equivalent Status" means Oneworld Emerald or Alaska MVP Gold 75K.

[4] "Equivalent Status" means Oneworld Sapphire or Alaska MVP Gold.

[5] "Equivalent Status" means Oneworld Ruby or Alaska MVP.

[6] These passengers were eligible to check two free bags at no charge for tickets purchased from July 13, 2013 to April 7, 2014.

**QUESTIONS?  CALL [ ● ] OR GO TO [WEBSITE]**

6

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

## 8.  How do I get a Refund?

To receive a Refund, you must fill out and submit a Claim Form by NO LATER THAN [ ● ].

To submit a Claim Form, either:

1.  Mail the postage-paid Claim Form to the Claims Administrator; or

2.  Submit the Claim Form located on the Settlement Website at www. [URL].

Claim Forms submitted by mail must be postmarked on or before [ ● ] and mailed to:

_____ Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

To submit a Claim Form online, go to the Settlement Website at www.[URL] and follow the instructions.

Please read the Claim Form carefully and provide all the information required.

## 9.  What happens after I submit a claim form?

American will provide Refunds to Settlement Class Members only if they timely submit a Claim Form.  Once a Claim Form is submitted, American will check its computer records to verify that the person submitting the Claim is a Settlement Class Member entitled to a Refund, and determine the Settlement Class Member's Refund amount.

There may be circumstances in which a person who submits a claim form will not be entitled to a Refund.  For example, American could review its records and determine that the person submitting the Claim Form was not incorrectly charged baggage fees.  Similarly, a Settlement Class Member may have already been refunded by American for all incorrectly-charged baggage fees, and, therefore, would not be entitled to receive a Refund through this process.

Prior to receiving payment, the Settlement Administrator will inform you of your Refund.  If you do not agree with the Refund amount or the determination that you are not entitled to a Refund, you have the opportunity to dispute the decision.

To dispute the Refund amount, you must submit a letter, email or other document that includes the following information:

Your name, address, telephone number, and any applicable frequent flier number (if you have one).

A brief statement explaining why you disagree with the Refund amount.

**QUESTIONS?  CALL [ ● ] OR GO TO [WEBSITE]**

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

> Any additional facts or documentation that the Refund amount is incorrect (*e.g.,* a receipt showing the checked bag fees paid, or a confirmation email indicating travel in a premium cabin, *etc.*).

The letter or other written document can be submitted through the Settlement Website or mailed to the address below.  Your letter or other written document must be postmarked or submitted no later than thirty (30) Days after receiving notice of your Refund amount.

_____ Settlement Administrator
PO Box XXXX
City, State XXXXX-XXXX

American, Class Counsel, and the Settlement Administrator will review your disputed Refund amount and notify you of any change in status.

## 10.  When will I receive my payment?

Payments for Verified Claims will be made only after the Court enters a Final Order and Judgment granting approval of the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

In addition, if your Refund totals $600 or more, the law might require you to provide your Taxpayer ID or a W-9 to the Settlement Administrator in order to comply with IRS reporting requirements.  If it is required, and if you do not provide that information within the specified time, then you will lose the opportunity to obtain your Refund.  The Settlement Administrator will let you know whether you need to provide your Taxpayer ID or a W-9.  You do not need to include a Taxpayer ID on your Claim Form.

## D.   EXCLUDING YOURSELF FROM THE SETTLEMENT

## 11.  How do I get out of the Settlement?

If you do not wish to claim any Refunds that may be owed to you by American, you can simply do nothing in response to this Notice. You do not need to follow the "opt-out" process described below.

If you want to bring your own lawsuit against American about the incorrect checked bag fees being settled in this case, then you must take steps to exclude yourself from the Settlement.  This is called "opting-out" of the Settlement Class.  If you opt out, you will not receive a Refund from this Settlement.

To opt out of the Settlement, you must send a letter or other written document by mail to:

_____ Settlement Administrator
PO Box XXXX
City, State XXXXX-XXXX

**QUESTIONS?  CALL [ ● ] OR GO TO [WEBSITE]**

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

Your opt-out request must be personally signed by you and contain a statement that you are a member of the Settlement Class but desire to be excluded from it.

Your opt-out request must be postmarked no later than **[ ● ].**  You <u>cannot</u> opt out by phone, by email, or in any other way.

You may opt out of the Settlement Class only for yourself, not for anyone else.

| **12.   If I do not exclude myself, can I sue American for the Incorrect Check Bag Fees later?** |
| --- |

No.  Unless you opt out, you give up any right you might have to sue American for the same incorrect checked bag fees that this Case settles.  If you start your own lawsuit, you will have to hire your own lawyer and you will have to prove your claims.

| **13.   If I exclude myself, can I still get a payment?** |
| --- |

No.  If you exclude yourself from the Settlement, you will not receive a Refund from American through the process described in this notice.

| **15.   What am I giving up in order to get a Refund?** |
| --- |

If you file a Claim Form for a Refund or do nothing at all, you will be releasing American from all of your claims for money for having been incorrectly charged the checked bag fees listed in the chart in #7 from July 13, 2013 to [Settlement Date].

The Settlement Agreement is available by visiting the Settlement Website [WEBSITE], calling [SA Number], writing to [SA ADDRESS], or by calling or writing Class Counsel listed in #16 below.  The Settlement Agreement provides more detail about the release of claims with specific legal terminology, so read it carefully.  You can talk to the law firm representing the Settlement Class and listed in #15 below for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

# E.  THE LAWYERS REPRESENTING THE ENTIRE SETTLEMENT CLASS.

| **15.   Do I have a lawyer in the case?** |
| --- |

Yes.  The Court has appointed Goldstein, Borgen, Dardarian & Ho and Benjamin Edelman as "Class Counsel" to represent you and all other Settlement Class members.

You will not be charged for these lawyers' services.  Their Attorneys' Fees and Costs will be paid directly by American.  If you want to be represented by another lawyer, you may hire one at your own expense.

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

## 16.  How will the lawyers be paid?

Class Counsel will ask the Court for up to $2,750,000 for attorneys' fees and reasonable costs and expenses they incurred in the Case.  They will also ask the Court to pay $2,500 to Plaintiff for bringing this Case.  The fees, costs, expenses, and payments awarded by the Court will be paid by American.  They will not come out of the Refunds for the Settlement Class.  The Court will decide the amount of fees, costs, expenses, and payments to award to Class Counsel and the Plaintiff.

# F.   OBJECTING TO THE SETTLEMENT

## 17.  How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not opt out of the Settlement Class), and you do not agree with the Settlement, you can object to any part of it.  To object, you must submit a letter or other document that includes the following:

1.  Your name, address, telephone number, and email address (if you have one); and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

2.  A signed declaration stating that you are a member of the Settlement Class;

3.  A statement of all your objections to the Settlement; and

4.  A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name, bar number, address, and telephone number of your counsel who will attend.

You must file your objection with the Court and mail or email your objection by [ ● ] to each of the following:

| Settlement Administrator | Class Counsel | Defendant's Counsel |
|---|---|---|
| Settlement Administrator PO Box XXX City, State XXXXX-XXXX | Linda M. Dardarian Byron Goldstein Raymond Wendell Goldstein, Borgen, Dardarian & Ho 300 Lakeside Drive, Suite 1000 Oakland, Ca 94612 Phone: 510-763-9800 Email: AAcheckedbags@gbdhlegal.com | U. Gwyn Williams gwyn.williams@lw.com David C. Tolley david.tolley@lw.com Latham & Watkins LLP 200 Clarendon St. 27th Floor Boston, MA 02116 |

**QUESTIONS?  CALL [ ● ] OR GO TO [WEBSITE]**

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

| **18.  What is the difference between objecting and asking to be excluded?** |
|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not opt out.  Opting out is telling the Court that you do not want to be part of the Settlement.  If you opt out, you have no basis to object to the Settlement because it no longer affects you.

# G.   THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and Class Counsel's requests for fees and expenses and a payment to the Plaintiff ("Fairness Hearing").

| **19.  When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court has scheduled a Fairness Hearing on **[ ● ]**, at the [ ● ].  The hearing may be moved to a different date or time without additional notice.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for an award of attorney's fees, costs, and expenses, and for a payment ("Incentive Award") to the Plaintiff.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

| **20.  Do I have to attend the hearing?** |
|---|

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements listed in #17 above, the Court will consider it.  You also may pay your own lawyer to attend the hearing, but it is not necessary.

| **21.  May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, your filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*See* # 17 above).

You cannot speak at the hearing if you opt out of the Settlement.

# H.   IF YOU DO NOTHING

| **22.  What happens if I do nothing at all?** |
|---|

If you are a member of the Settlement Class and do nothing, you will get no money from the Settlement.  And, unless you opt out, you will not be able to start a lawsuit, continue with a lawsuit,

QUESTIONS?  CALL [ ● ] OR GO TO [WEBSITE]

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FED. R. EVID. 408

or be part of any other lawsuit, arbitration or proceeding against American about the incorrect checked bag fees being settled in this Case.

# I.   GETTING MORE INFORMATION

| 23.  How do I get more information? |
| --- |

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement. For more information visit the Settlement Website at _____, write with questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX.  You may also call Class Counsel at 1-510-763-9800, or email Class Counsel at AAcheckedbags@gbdhlegal.com.

# EXHIBIT C

**YOU ARE RECEIVING THIS NOTICE BECAUSE AMERICAN AIRLINES MAY HAVE INCORRECTLY CHARGED YOU TO CHECK BAGS, AND YOU MAY BE ENTITLED TO A REFUND OF YOUR MONEY**

**REFUNDS** WILL RANGE FROM **$18.75, TO $200.00 PLUS INTEREST**, FOR EACH INCORRECTLY CHARGED CHECK BAG.

**This Notice Contains Important Information About Your Rights.**

### WHAT IS THIS ABOUT?

A Settlement has been reached in a class action lawsuit against American Airlines, Inc. ("American"), pending in the United States District Court for the District of Massachusetts as *Bazerman, et al. v. American Airlines, Inc.,* No. 1:17-CV-11297-WGY ("the Case"). The Case alleges that American incorrectly charged certain customers to check their bags. This Settlement resolves the lawsuit. The Court has not decided who is right.

### WHO IS INCLUDED IN THE SETTLEMENT?

You may be a member of the Settlement Class if between July 13, 2013 and **[DATE]** ("Case Timeframe") you traveled on American and were charged checked baggage fees inconsistent with representations made by American. More information on who is included in the Settlement Class is available at **URL**.

### WHAT CAN YOU GET FROM THE SETTLEMENT?

American will provide Refunds to every Settlement Class Member who was incorrectly charged baggage fees, unless American has already given them a refund of those charges. To get a Refund, Settlement Class Members **MUST** submit a Claim Form before **[DATE]**. Refunds will only be awarded after American verifies that the Settlement Class Member is entitled to receive a Refund and the Court has approved this Settlement. **Refunds will range from $18.75, to $200.00 plus interest, for each incorrectly charged check bag**, depending on the amount you paid to check the bag.

### HOW DO YOU GET A REFUND?

**To receive a Refund, you MUST fill out and submit a Claim Form no later than [DATE]**. To submit a Claim Form, either mail the included postage-paid Claim Form to the Claims Administrator postmarked no later than **[DATE]**; or submit the Claim Form located on the Settlement Website at **[URL]**.

### WHAT ARE YOUR OTHER OPTIONS?

<u>Stay in the Class</u>: You will be a member of the Settlement Class if you submit a Claim Form or do nothing. As a Settlement Class member, you will be legally bound by the Settlement, and you will not be able to sue, or continue suing, American for the same claims that this Case resolves.

<u>Opt-out of Class</u>: If you do not want to be legally bound by the Settlement, you must Opt Out of the Settlement by **[DATE]**. If you Opt Out, you will not receive a Refund, but you will be able to file your own lawsuit against American about the same claims that this Case resolves. If you do not Opt Out, you may Object to the Settlement by **[DATE]**. The detailed notice available on the Settlement Website explains how to Opt Out or Object.

### WHO REPRESENTS YOU?

The Court has appointed Goldstein, Borgen, Dardarian & Ho and Benjamin Edelman as "Class Counsel" to represent you and all other Settlement Class members. You will not be charged for these lawyers' services. Their Attorneys' Fees and Costs will be paid directly by American. If you want to be represented by another lawyer, you may hire one at your own expense.

### WILL THE COURT HAVE A HEARING ABOUT THE SETTLEMENT?

The Court will hold a hearing on **[DATE]** to decide whether to approve the Settlement, and the requests by Class Counsel for reasonable attorneys' fees and costs up to $2.75 million, and a payment up to $2,500 to the Plaintiff, to be paid by American. These payments will not come out of Settlement Class members' Refunds. The hearing may be moved to a different date or time without additional notice, so please check the Settlement Website for updates. **You do not have to come to this hearing in order to get a Refund**. If you would like to attend, you or your own lawyer, if you have one, may ask to appear and speak at the hearing.

### HOW CAN YOU GET MORE INFORMATION?

See the Detailed Notice and the Settlement Agreement for more information, and file a Claim Form, by visiting the **Settlement Website at _____. You can also contact the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX, to hear more about the Settlement**. You may also call Class Counsel at 1-510-763-9800, or email Class Counsel at AAcheckedbags@gbdhlegal.com.

EXHIBIT D

**REMINDER: You Are Receiving This Notice Because American Airlines May Have Incorrectly Charged You to Check Bags, And You May Be Entitled To A Refund.**

A Settlement has been preliminarily approved by the U.S. District Court for the District of Massachusetts, in the class action case *Bazerman, et al. v. American Airlines, Inc., No. 1:17-CV-11297*. American denies the allegations in the lawsuit, and the Court has not decided who is right.

If you file a claim by [**deadline**], you may be entitled to a Refund. REFUNDS FOR VERIFIED CLAIMS WILL RANGE FROM **$18.75, TO $200.00 PLUS INTEREST, FOR EACH INCORRECTLY CHARGED CHECKED BAG.** Claim forms are available at [**claim form URL**]. **YOU MUST SUBMIT A CLAIM BY THE DEADLINE TO RECEIVE A REFUND.**

**Who Is Included in the Settlement?** You may be a member of the Class if you traveled on American Airlines between July 13, 2013 and [Settlement Agreement Date] and were charged checked baggage fees inconsistently with representations made by American.

**What Is This Case About?** The lawsuit claims that American Airlines incorrectly charged certain customers fees to check their baggage.

**What Are My Options?** 1) Submit a Claim Form by the deadline. This is the only way to get a Refund. 2) If you

712071.1

do not want to be a part of this Settlement or receive a Refund, you must Opt Out by ==Month DD, 2018==. If you Opt Out, you will not receive any payments but you will be able to file your own lawsuit against American Airlines about the same incorrect baggage charges. 3) If you do not Opt Out but you also don't like the Settlement, you may Object to it by ==Month DD, 2018==. 4) You can do nothing, and you will give up any right to get a payment from this Settlement or be part of any other lawsuit against American about the same incorrect baggage charges. The detailed Notice available on the Settlement Website explains how to Opt Out or Object.

**Fairness Hearing.** A Fairness Hearing will be held on ==Month DD, 2018== at the U.S. District Court for the District of Massachusetts, John Joseph Moakley Courthouse, Courtroom [ ● ], 1 Courthouse Way, Boston, MA 02210. At this hearing, the Court will consider whether: 1) the Settlement is fair, reasonable, and adequate; 2) to award of attorneys' fees and expenses to Plaintiff's Counsel; and 3) to grant an incentive award to Plaintiff. Plaintiff will request up to $2,750,000 in attorneys' fees and a $2,500 Incentive Award for bringing this Case.

**Where Can I Get More Information?** To get a copy of the Claim Form, the full Notice, or Settlement Agreement or to learn more visit the Settlement Website at ==[WEBSITE]==; call toll-free by phone at ==1-888-888-8888==, or email at ==email@email.com.==

# EXHIBIT E

**AMERICAN AIRLINES CHECKED BAGGAGE FEE REFUND NOTIFICATION**

Dear **[Class Member]**:

You recently submitted a Claim Form for a Refund as part of the Settlement in *Bazerman, et al. v. American Airlines, Inc.,* No. 1:17-CV-11297-WGY, a Class Action alleging that American Airlines ("American") incorrectly charged certain customers fees to check their bags. American has reviewed its records to verify your claim.

Based on American's review of its records, you will receive a Refund of money you paid for the following checked bags:

| Date of Travel | Record Locator (PNR) | Departure City/Airport | Destination City/Airport | No. of Checked Bags | Charge Per Bag |
|---|---|---|---|---|---|
| DD/MM/YYYY | ABCDEF | New York/JFK | Washington, D.C./DCA | 1 | $25 |
| DD/MM/YYYY | BCDEFG | New York/JFK | Washington, D.C./DCA | 2 | $25, $35 |



**OR**

American's records indicate that you were <u>not</u> mischarged for any checked baggage covered by this Settlement.

Based on this information**, your total Refund, including interest, will be: $[XXX.XX]**

**If you agree with the assessment above[ and your total refund is <u>less than $600.00</u>[,** you do not need to take any action at this time. American will send you your Refund after the Court enters a Final Order and Judgment approving the Settlement and after any appeals are resolved. (Check the Settlement Website for case updates).

**[If you agree with the assessment above and your total Refund amount is <u>$600 or more</u>**, you must complete the attached Taxpayer I.D. Information Form and mail it to the Settlement Administrator or submit it through the Settlement Website **no later than 90 days after you receive this Notice.** Failure to return the form to the Settlement Administrator **within 90 days of receiving this Notice** may result in the forfeiture of your claim. American will then send you your Refund after the Court enters a Final Order and Judgment approving the Settlement and after any appeals are resolved. (Check the Settlement Website for case updates).]

**If you do not agree with the assessment above**, you may challenge it. To challenge the assessment you must send a letter or email or other written dispute to the Settlement Administrator **within 30 days of when you received this notification.** Your dispute **must** include the following information:

- Your name, address, telephone number, and any applicable frequent flyer number(s);
- A statement that you are raising a dispute regarding your Claim or Refund, in the American Airlines case;

- A brief statement explaining why you disagree with American's assessment; and
- Any additional facts or documentation that support your dispute (for example, a receipt showing the checked bag fees paid, or a confirmation email indicating travel in a premium cabin, etc.).

Mail your dispute to the Settlement Administrator at _____ Settlement Administrator, P.O. Box XXXX, City, State XXXXX-XXXX, or submit it through the Settlement Website at www._____.com.

The Settlement Administrator will notify you of its final decision regarding your claim, subject only to review by the Court.

For more information, visit the **Settlement Website at _____, or call the toll-free number, 1-XXX-XXX-XXXX**. You may also call Class Counsel at 1-510-763-9800, or email Class Counsel at AAcheckedbags@gbdhlegal.com.

[*****************************************************************************
TAXPAYER I.D. INFORMATION FORM

If your total Refund is **more than $600.00**, you **must** complete and return this form **within 90 days**. Failure to do so may result in the forfeiture of your claim.  Mail your completed form to _____ Settlement Administrator, P.O. Box XXXX, City, State XXXXX-XXXX, or submit it through the Settlement Website at www._____.com **no later than 90 days after you received this Notice.**

NAME
ADDRESS

CHECK ONE BOX ONLY:
[ ] I was not reimbursed for the checked bag fee(s) listed above, and I did not take a tax deduction for those fee(s).
[ ] My Taxpayer I.D. (e.g., Social Security Number or EIN) is _____.

Date:_____     Signature: _____ ]

## AMERICAN AIRLINES CHECKED BAGGAGE FEE REFUND NOTIFICATION

Dear **[CLASS MEMBER]**:

You recently submitted a Claim Form for a Refund as part of the Settlement in *Bazerman, et al. v. American Airlines, Inc.,* No. 1:17-CV-11297-WGY, a Class Action alleging that American Airlines ("American") incorrectly charged certain customers fees to check their bags. American has reviewed its records to verify your claim.

**[TO BE USED FOR VERIFIED CLAIMS]** Based on American's review of its records, you will receive a Refund of money you paid for the following checked bags:

| Date of Travel | Record Locator (PNR) | Departure City/Airport | Destination City/Airport | No. of Checked Bags | Charge Per Bag |
|---|---|---|---|---|---|
| DD/MM/YYYY | ABCDEF | New York/JFK | Washington, D.C./DCA | 1 | $25 |
| DD/MM/YYYY | BCDEFG | New York/JFK | Washington, D.C./DCA | 2 | $25, $35 |

**[OR]**

**[TO BE USED FOR INELIGIBLE CLAIMS]** American's records indicate that you were <u>not</u> mischarged for any checked baggage covered by this Settlement.

Based on this information**, your total Refund, including interest, will be: $[XXX.XX] [INSERT $0.00 FOR INELIGIBLE CLAIMS]**

**If you do not agree with the assessment above,** you may challenge it.  To challenge the assessment you must send a letter or email or other written dispute to the Settlement Administrator **within 30 days of when you received this notification.**  Your dispute **must** include the following information:

- Your name, address, telephone number, and any applicable frequent flyer number(s);

- A statement that you are raising a dispute regarding your Claim or Refund, in the American Airlines case;

- A brief statement explaining why you disagree with American's assessment; and

- Any additional facts or documentation that support your dispute (for example, a receipt showing the checked bag fees paid, or a confirmation email indicating travel in a premium cabin, etc.).

Mail your dispute to the Settlement Administrator at _____ Settlement Administrator, P.O. Box XXXX, City, State XXXXX-XXXX, or submit it through the Settlement Website at www._____.com.

The Settlement Administrator will notify you of its final decision regarding your claim, subject only to review by the Court.

For more information, visit the **Settlement Website at _____, or call the toll-free number, 1-XXX-XXX-XXXX.** You may also call Class Counsel at 1-510-763-9800, or email Class Counsel at AAcheckedbags@gbdhlegal.com.

711809.7