IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX BAZERMAN, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation,<br><br>    Defendant. | Case No.: 1:17-CV-11297-WGY |

### PLAINTIFF'S MOTION FOR CONTINUANCE OF FAIRNESS HEARING AND RELATED DEADLINES

For the reasons set forth below, Plaintiff respectfully requests an amendment to certain dates and deadlines set out in the Court's Order of June 22, 2018 (ECF No. 65) preliminarily approving this class action settlement (the "Preliminary Approval Order"), as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Deadline for Class Members to File Claims | October 19, 2018 | November 26, 2018 |
| Deadline for Class Members to Object to or Opt Out of Settlement | December 3, 2018 | February 1, 2019 |
| Final Approval/Fairness Hearing | December 17, 2018 | February 22, 2019, or as soon thereafter as the matter may be heard |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE OF FAIRNESS HEARING AND RELATED DEADLINES

Plaintiff respectfully requests a continuance of the fairness hearing for final approval of this class action settlement, as well other related deadlines, including the deadline for Class Members to submit claims, due to significant delays in the implementation of the Settlement that affect the rights of Class Members.

This is a breach of contract case alleging that Defendant American Airlines ("AA") failed to honor its promises to check passengers' bags for no charge. Plaintiff filed his class action complaint on July 13, 2017. (ECF No. 1.) After months of extensive negotiation and a full-day mediation with Magistrate Judge Page M. Kelley, the Parties reached a settlement agreement. (*See* ECF Nos. 47, 49.) The Parties acknowledged that determining class membership and potential refund payments owed to Class Members would require collecting, analyzing, and verifying complex passenger bag check data. For this reason, the Parties' Settlement Agreement provided that an over-inclusive list of AA's passengers would be sent the class notice and have the opportunity to file a claim, and that Defendant would verify those claims by reference to its business records. (*See* P.'s Mtn. for Prelim. App., ECF No. 56 at 3-4, 10-11.) The Parties agreed to several rounds of notice, both by mail and email, to help ensure that as many Class Members as possible would actually receive notice. (*Id.* at 14.) This was a material term for Plaintiff's agreement to a "claims made" settlement. Dardarian Decl. ¶ 3. On June 22, 2018, the Court granted preliminary approval of the Settlement and directed notice to the Settlement Class in accordance with the Settlement Agreement. (ECF No. 65.)

Unfortunately, in implementing the class notice and claims process set forth in the Settlement, AA and the Settlement Administrator have not met certain material timing-related terms, due to the complexity of AA's passenger record keeping and the Parties' discovery and

2

ongoing resolution of errors in the code used for claims processing. In particular, the following agreed-upon deadlines have been missed:

- The Settlement provides that, no later than 10 days after the first round of notice by email, the Settlement Administrator was to mail the paper Notice and Claim Form to all individuals on the Class Notice List who had not yet submitted a claim. (Settlement § VIII.G.2, ECF No. 56-2 at 22.)  However, AA's records contained no address, or an obviously inaccurate address, for approximately 65,000 Class Members. Dardarian Decl. ¶ 4.a. The Parties have since searched for correct addresses by referencing AA's data regarding class members' dates of birth and telephone numbers pursuant to section VIII.E, which requires the Settlement Administrator to "use any information or resource reasonably available" to supply correct addresses for Class Members. *Id.* The Settlement Administrator has indicated that it will send notice to Class Members at these corrected addresses shortly, but in light of the October 19, 2018, claim filing deadline, only seven days away, and the fact that notice has not yet been mailed to these Class Members, they are at risk of having no time to file a claim after receiving notice. *Id.*

- The Settlement provides that, no later than 60 days after the first round of notice by email (and 30 days prior to the claim filing deadline), the Settlement Administrator was to send the Court-approved postcard reminder to all individuals on the Class Notice List with known addresses. (Settlement § VIII.G.3, ECF No. 56-2 at 22.)  This notice was finally mailed on October 5, 2018, 76 days after the first round of notice and only 14 days prior to the claim filing deadline. Dardarian Decl. ¶ 4.b. The delay in mailing this reminder postcard resulted primarily from the length of time the Settlement Administrator required

722462.4

to process a backlog of paper claims, and then refine the mailing list toassure that reminder postcards were only sent to those individuals who had not already filed claims.  *Id.*

- The Settlement provides that, no later than 70 days after the first round of notice by email (and 20 days prior to the claim filing deadline), the Settlement Administrator was to send the Court-approved postcard reminder by email to individuals whose mailing addresses remain unknown.  (Settlement § VIII.G.4, ECF No. 56-2 at 23.)  Plaintiff is informed that this notice will not be sent before the claim filing deadline.  The Settlement Agreement anticipated that this email reminder would be sent ten days after the mailing of the postcard reminder, and because that mailing was delayed, this one was as well.  Dardarian Decl. ¶ 4.c.

- The Settlement provides that, on a weekly basis, starting from the date on which the Settlement Administrator first receives a valid claim form, it was to forward each valid claim form to AA's counsel.  (Settlement § IX.C, ECF No. 56-2 at 24.)  The Settlement Administrator reported a backlog of paper claim forms and stated that it was, for several weeks, unable to forward each claim form to AA's counsel on a weekly basis.  Dardarian Decl. ¶ 4.d.

- The Settlement gives AA 21 days after receiving a valid claim form to notify the Settlement Administrator and Class Counsel of whether it has verified the claim or deemed it ineligible, after which the Settlement Administrator has five days to inform the claimant of its determination.  (Settlement § IX.F, K.)  The Settlement Administrator began receiving claim forms on July 21, 2018 and began forwarding claim forms to AA shortly thereafter.  On August 15, 2018, AA circulated to Class Counsel and the Settlement Administrator its tentative determinations regarding just over 22,000 claims.  However,

722462.4

Class Counsel identified numerous errors in AA's determinations, as well as areas where Class Counsel believe AA's determinations do not match provisions of the Settlement Agreement. Dardarian Decl. ¶ 4.e. Through a series of meet and confer calls, the Parties have corrected errors and reduced the issues in dispute, and the Parties are still working to resolve their disagreements over these issues. Due to these ongoing discussions, to date, the Settlement Administrator has not informed a single claimant of AA's determination. *Id.*

As a result of these delays, Class Members' rights will be impaired if the Court does not grant the requested continuance. First, under the current schedule, approximately 65,000 Class Members will be sent their initial mailed notice, at best, only a few days before the claim filing deadline. While the initial email notice may have been sent to some number of those 65,000 Class Members, due to deficiencies in the email notice process, it is likely that many did not receive email notice. Dardarian Decl. ¶ 5. Even if they had received email notice, that is no consolation, since each Class Member was to be sent at least three rounds of Notice, one by email and two by mail (unless they already filed a Claim). (*See* ECF No. 56 at 14.)

Further, the postcard and email reminder notices that the Parties specifically bargained for and the Court approved will go out less than 30 days before the claim filing deadline, or not at all. The Federal Judicial Center's guide to class notice advises that class members need at least 30 days between "completed dissemination" of notice and the deadline to file claims. Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide at 4 (2010), available at https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. Moreover, the provisions for multiple rounds of notice were hard-fought, material terms of the Settlement

722462.4

Agreement on which Plaintiff insisted in order to safeguard Class Members' due process rights. Dardarian Decl. ¶ 6.

In addition, the delays in claims processing and determinations have two major consequences. First, claimants are not finding out in a timely manner whether or not they are in fact entitled to refunds under the Settlement. This information would likely affect their decision to object to or opt out of the Settlement, and the current processing timeline creates the risk that some claimants will not find out with sufficient time to object or opt out before the deadline. Second, the Settlement Agreement allows individuals whose claims are deemed invalid to appeal AA's determination. (Settlement § IX.L, ECF No. 56-2 at 26-28.) Because appeals will affect the final claims rate and the total value of the refunds to be provided to Class Members, the delays in processing create the risk that the Parties will be unable to provide the Court with reliable figures for each by the date currently set for the Fairness Hearing. Dardarian Decl. ¶ 7. The Court likely needs this information to evaluate the fairness of the Settlement.

Accordingly, Plaintiff respectfully requests that the Court amend the dates and deadlines set out in its Preliminary Approval Order as follows:

| **Event** | **Current Date** | **Proposed Date** |
|---|---|---|
| Deadline for Class Members to File Claims | October 19, 2018 | November 26, 2018 |
| Deadline for Class Members to Object to or Opt Out of Settlement | December 3, 2018 | February 1, 2019 |
| Final Approval/Fairness Hearing | December 17, 2018 | February 22, 2019, or as soon thereafter as the matter may be heard |

A continuance of the claim filing deadline of just over one month ensures that all Class Members have at least 30 days from the date notice is sent to them to file a claim. A 60-day continuance of the deadline to object or opt out ensures that Class Members have adequate time after learning

6

722462.4

whether their claims were deemed verified or ineligible to decide whether to object to or opt out of the Settlement.  Finally, a continuance of the Fairness Hearing of just over 60 days ensures that the Parties can provide the Court with reliable figures regarding the claims rate and the total value of the refunds being paid to Class Members.

                                        Respectfully submitted,

Dated:  October 12, 2018                  */s/ Linda M. Dardarian*
Linda M. Dardarian (*pro hac vice*)
ldardarian@gbdhlegal.com
Byron Goldstein (*pro hac vice*)
brgoldstein@gbdhlegal.com
Raymond Wendell (*pro hac vice*)
rwendell@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:   (510) 763-9800
Fax:  (510) 835-1417

Benjamin Edelman (BBO #663528)
LAW OFFICES OF BENJAMIN EDELMAN
169 Walnut Street
Brookline, MA 02445
Tel:   (617) 297-7360

Attorneys for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated on the NEF as non-registered participants on October 12, 2018

>
> */s/ Linda M. Dardarian*
> Linda M. Dardarian