IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX BAZERMAN, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation,<br><br>    Defendant. | Case No.: 1:17-CV-11297-WGY |

**DECLARATION OF LINDA M. DARDARIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE OF FAIRNESS HEARING AND RELATED DEADLINES**

I, LINDA M. DARDARIAN, hereby declare as follows:

1.      I am a member in good standing of the Bar of the State of California and a shareholder at the law firm of Goldstein, Borgen, Dardarian & Ho ("GBDH"), in Oakland, California, and I represent Plaintiff and the Settlement Class in this matter. I am providing this declaration in support of Plaintiff's Motion for Continuance of Fairness Hearing and Related Deadlines. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2.      This is a breach of contract case alleging that Defendant American Airlines ("AA") failed to honor its promises to check passengers' bags for no charge. Plaintiff filed his class action complaint on July 13, 2017. (ECF No. 1.) After months of extensive negotiation and a full-day mediation with Magistrate Judge Page M. Kelley, the Parties reached a settlement agreement. (*See* ECF Nos. 47, 49.)

1

3.  In their settlement negotiations, the Parties acknowledged that determining class membership and potential refund payments owed to Class Members would require collecting, analyzing, and verifying complex passenger bag check data.  For this reason, the Parties' Settlement Agreement provided that an over-inclusive list of AA's passengers would be sent the class notice and have the opportunity to file a claim, and that Defendant would verify those claims by reference to its business records.  (*See* P.'s Mtn. for Prelim. App., ECF No. 56 at 3-4, 10-11.)  The Parties agreed to several rounds of notice, both by mail and email, to help ensure that as many Class Members as possible would actually receive notice.  (*Id.* at 14.)  This was a material term for Plaintiff's agreement to a "claims made" settlement.

4.  Unfortunately, in implementing the class notice and claims process set forth in the Settlement, AA and the Settlement Administrator have not met certain material timing-related terms, due to the complexity of AA's passenger record keeping and the Parties' discovery and ongoing resolution of errors in the code used for claims processing.  In particular, the following agreed-upon deadlines have been missed:

a.  The Settlement provides that, no later than 10 days after the first round of notice by email, the Settlement Administrator was to mail the paper Notice and Claim Form to all individuals on the Class Notice List who had not yet submitted a claim.  (Settlement § VIII.G.2, ECF No. 56-2 at 22.)  However, AA's records contained no address, or an obviously inaccurate address, for approximately 65,000 Class Members.  The Parties have since searched for correct addresses by referencing AA's data regarding class members' dates of birth and telephone numbers pursuant to section VIII.E, which requires the Settlement Administrator to "use any information or resource reasonably available" to supply correct addresses for Class Members.  The Settlement Administrator has indicated that it will send notice to Class Members

722544.3

at these corrected addresses shortly, but in light of the October 19, 2018, claim filing deadline, only seven days away, and the fact that notice has not yet been mailed to these Class Members, they are at risk of having no time to file a claim after receiving notice.

    b. The Settlement provides that, no later than 60 days after the first round of notice by email (and 30 days prior to the claim filing deadline), the Settlement Administrator was to send the Court-approved postcard reminder to all individuals on the Class Notice List with known addresses.  (Settlement § VIII.G.3, ECF No. 56-2 at 22.)  This notice was finally mailed on October 5, 2018, 76 days after the first round of notice and only 14 days prior to the claim filing deadline.  The delay in mailing this reminder postcard resulted primarily from the length of time the Settlement Administrator required to process a backlog of paper claims, and then refine the mailing list to assure that reminder postcards were only sent to those individuals who had not already filed claims.

    c. The Settlement provides that, no later than 70 days after the first round of notice by email (and 20 days prior to the claim filing deadline), the Settlement Administrator was to send the Court-approved postcard reminder by email to individuals whose mailing addresses remain unknown.  (Settlement § VIII.G.4, ECF No. 56-2 at 23.)  Plaintiff is informed that this notice will not be sent before the claim filing deadline.  The Settlement Agreement anticipated that this email reminder would be sent ten days after the mailing of the postcard reminder, and because that mailing was delayed, this one was as well.

    d. The Settlement provides that, on a weekly basis, starting from the date on which the Settlement Administrator first receives a valid claim form, it was to forward each valid claim form to AA's counsel.  (Settlement § IX.C, ECF No. 56-2 at 24.)  The Settlement

722544.3

Administrator reported a backlog of paper claim forms and stated that it was, for several weeks, unable to forward each claim form to AA's counsel on a weekly basis.

        e.      The Settlement gives AA 21 days after receiving a valid claim form to notify the Settlement Administrator and Class Counsel of whether it has verified the claim or deemed it ineligible, after which the Settlement Administrator has five days to inform the claimant of its determination.  (Settlement § IX.F, K.)  The Settlement Administrator began receiving claim forms on July 21, 2018 and began forwarding claim forms to AA shortly thereafter.  On August 15, 2018, AA circulated to Class Counsel and the Settlement Administrator its tentative determinations regarding just over 22,000 claims.  However, Class Counsel identified numerous errors in AA's determinations, as well as areas where Class Counsel believe AA's determinations do not match provisions of the Settlement Agreement.  Through a series of meet and confer calls, the Parties have corrected errors and reduced the issues in dispute, and the Parties are still working to resolve their disagreements over these issues.  Due to these ongoing discussions, to date, the Settlement Administrator has not informed any claimants of AA's determination of the validity of their claims.

        5.      As a result of these delays, Class Members' rights will be impaired if the Court does not grant the requested continuance.  First, under the current schedule, approximately 65,000 Class Members will be sent their initial mailed notice, at best, only a few days before the claim filing deadline.  While the initial email notice may have been sent to some number of those 65,000 Class Members, due to deficiencies in the email notice process, it is likely that many did not receive email notice.  Even if they had received email notice, that is no consolation, since each Class Member was to be sent at least three rounds of Notice, one by email and two by mail (unless they already filed a Claim).  (*See* ECF No. 56 at 14.)

4

6. The postcard and email reminder notices that the Parties specifically bargained for and the Court approved will go out less than 30 days before the current October 19, 2018 claim filing deadline, or not at all. The provisions for multiple rounds of notice were hard-fought, material terms of the Settlement Agreement on which Plaintiff insisted in order to safeguard Class Members' due process rights.

7. The Settlement Agreement allows individuals whose claims are deemed invalid to appeal AA's determination. (Settlement § IX.L, ECF No. 56-2 at 26-28.) Because appeals will affect the final claims rate and the total value of the refunds to be provided to Class Members, the delays in processing create the risk that the Parties will be unable to provide the Court with reliable figures for each by the date currently set for the Fairness Hearing.

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

Executed this 12th day of October, 2018, in Oakland, California.

      /s/ Linda M. Dardarian
      LINDA M. DARDARIAN

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated on the NEF as non-registered participants on October 12, 2018

*/s/ Linda M. Dardarian*
Linda M. Dardarian

722544.3