IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX BAZERMAN, individually and on behalf of others similarly situated, | Case No.: 1:17-CV-11297-WGY |
| Plaintiff, | |
| vs. | |
| AMERICAN AIRLINES, INC., a Delaware Corporation, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR INCENTIVE AWARD AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Max Bazerman hereby respectfully moves for an incentive award of $2,500 in recognition of his service as Class Representative.

This is a nationwide breach of contract class action alleging that Defendant American Airlines ("AA") failed to honor contractual promises to check passengers' bags for no charge. The Parties settled the case, and on June 22, 2018, Plaintiff filed an unopposed motion for preliminary approval of the Settlement. (ECF No. 65.) Under the Settlement, most Class Members who have submitted a timely, valid claim form will receive a full refund of their incorrectly charged checked bag fees, plus 5% interest. (*See* Settlement Agreement § IV.B.1, ECF No. 56-2 at 15.) Those Class Members whose claims are based on promises contained in their e-ticket confirmation email and who have submitted a timely, valid claim form will receive a refund equal to 75% of their incorrectly charged checked bag fees. (*See id.* § IV.B.2, ECF No. 56-2 at 16.) These results are extraordinary: Class Members would not obtain a significantly greater award at trial, as additional measures of damages such as punitive damages are not

728591.2

recoverable under breach of contract.  *See Weber v. Domel*, 48 S.W.3d 435, 437 (Tex. App. Ct. 2001).

This outcome would not have been possible without the involvement and efforts of Plaintiff Max Bazerman, the sole Class Representative in this case.  Plaintiff has been actively involved in all stages of the investigation, litigation, and settlement negotiations.  He vigorously pursued the interests of the Class by undertaking the responsibilities attendant with serving as a named plaintiff, including: participating in many discussions with his attorneys, gathering documents related to the case, reviewing court filings, commenting on drafts of the Complaint, discussing the prospect of settlement with his attorneys, and reviewing and signing declarations. (*See* Bazerman Decl. ¶¶ 1-8.)

Federal courts often approve case contribution awards to plaintiffs who prosecuted actions on behalf of a class on the theory that there would be no classwide benefit absent their efforts.  These awards recognize the burdens assumed by plaintiffs in instituting and prosecuting the actions, the time spent communicating with counsel and fulfilling responsibilities of supervision, and the risks that plaintiffs bear in bringing the suit.  *See In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 468 (D.P.R. 2011) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award can be appropriate to encourage or induce an individual to participate in the suit.") (quoting *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d 184, 189 (D. Me. 2003)); *In re Lupron Marketing & Sales Practices Litig.*, MDL No. 1430, Master File No. 01-cv-10861-RGS, 2005 WL 2006833, at *7 (D. Mass. Aug. 27, 2005) ("Incentive awards serve an important function in promoting class action settlements . . . ."); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 400 (D.D.C. 2002) ("[Courts] routinely approve incentive awards to compensate

728591.2

named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.") (internal citation and quotation marks omitted).

The Settlement provides that Plaintiff will apply for an incentive award not to exceed $2,500.  (Settlement § VI.E, ECF No. 56-2 at 17.)  An incentive award of $2,500 is appropriate for Plaintiff's level of involvement with this case.  *See, e.g.*, *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 352 (D. Mass 2015) (incentive award of $2,500 appropriate where named plaintiffs "participated in the investigations leading up to the filing of their respective complaints, reviewed these complaints with counsel prior to filing, discussed the motions to dismiss in their respective cases with counsel, participated in limited discovery by responding to document requests and preparing for depositions, and communicated with counsel regarding the settlement negotiations"); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d at 189 (approving $2,500 incentive award, which court referred to as "minimal," because the named plaintiffs "worked with experienced counsel, were willing to prosecute the case, and helped confer a benefit upon the class," along with responding to discovery).  Accordingly, Plaintiff's request for an incentive award of $2,500 should be approved.

Dated:  January 18, 2019

Respectfully submitted,

/s/ Raymond Wendell
Linda M. Dardarian (*pro hac vice*)
ldardarian@gbdhlegal.com
Byron Goldstein (*pro hac vice*)
brgoldstein@gbdhlegal.com
Raymond Wendell (*pro hac vice*)
rwendell@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:  (510) 763-9800
Fax: (510) 835-1417

3

728591.2

4

Benjamin Edelman (BBO #663528)
LAW OFFICES OF BENJAMIN EDELMAN
169 Walnut Street
Brookline, MA 02445
Tel:  (617) 297-7360

Attorneys for Plaintiff and the Settlement Class

4

728591.2

5

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the CM/ECF system will be

sent electronically to the registered participants as identified on the Notice of Electronic Filing

("NEF") and paper copies will be sent to those indicated on the NEF as non-registered

participants on January 18, 2019

/s/ Raymond Wendell
Linda M. Dardarian

728591.2