IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX BAZERMAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 1:17-CV-11297-WGY |

## [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

This motion for final approval, having been brought before the Court jointly by the Parties, the Parties having entered into a settlement agreement with attached exhibits (collectively, the "Settlement"), signed and filed with this Court on June 7, 2018, to settle *Bazerman v. American Airlines, Inc.*, Case No. 1:17-cv-11297-WGY (the "Action"); and

The Court, having entered an Order dated June 22, 2018 (ECF No. 65, the "Preliminary Approval Order") preliminarily certifying the putative class in this action for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), ordering individual notice to members of the Settlement Class, scheduling a Fairness Hearing for December 17, 2018 (later rescheduled to April 4, 2019) that provides potential members of the Settlement Class with an opportunity either to exclude themselves from the Settlement Class or to object to the proposed settlement, and issuing related Orders; and the Court, having held a Fairness Hearing on April 4, 2019 to determine whether to grant final approval of the proposed settlement and issue related relief; and

The Court, having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having

1

732387.5

heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Settlement, including all exhibits thereto, and definitions included therein, which was signed and filed with this Court on June 7, 2018; (b) the briefs, affidavits, and other materials filed in support of the settlement, Service Awards, and Class Counsel's request for an award of attorneys' fees and reimbursement of expenses and costs; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action. All terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Settlement.

2. Because due, adequate, and the best practicable notice has been disseminated and all Settlement Class Members have been given the opportunity to exclude themselves from or object to this class action settlement, the Court has personal jurisdiction over all Settlement Class Members. The Court has subject-matter jurisdiction over the claims asserted in the complaint and/or the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed settlement and the Settlement, grant final certification to the Settlement Class, dismiss the Action on the merits and with prejudice, and issue related orders. The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. The Class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), the Court finding that the

Settlement Class fully satisfies all the applicable requirements for Fed. R. Civ. P. 23 and due process. The Settlement Class shall consist of, collectively:

All residents of the United States (including the fifty states, the District of Columbia, the U.S. Virgin Islands, and Puerto Rico) who:

    a.    traveled on American Airlines ("American"),

    b.    at any time between July 13, 2013 and the Settlement Date (the "Class Period"), and

    c.    meets the criteria of either or both subsections (1) and (2) below:

        (1)    were charged a checked bag fee inconsistently with statements in American's Baggage Policy that passengers may check one or more bags for no additional charge, excluding oversized and overweight checked bags, specialty items, and sports equipment, for any of the following reasons:

            i.    At the time of check-in, the passenger held a First or Business Class ticket for a domestic flight;

            ii.    At the time of check-in, the passenger held a Business Class ticket for an international flight;

            iii.    At the time of check-in, the passenger held AAdvantage elite status with American or an equivalent frequent flyer elite status with a partner airline, or traveled on the same itinerary as a passenger who held such status;

            iv.    At the time of check-in, the passenger was an active U.S. Military member or the dependent of a U.S. Military member travelling on orders;

            v.    At the time of check-in, the passenger was an active U.S. Military member on personal travel.

        (2)    were charged a checked bag fee inconsistently with a Confirmation Email received by the passenger stating eligibility to check a first bag for that ticketed trip at no additional charge.

732387.5

Specifically excluded from the Settlement Class are the following Persons: (1) American and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (2) Class Counsel; and (3) the judges who have presided over the Litigation and any related cases.

4. The Court finds that only those individuals specifically listed in Exhibit D to the Declaration of Steven J. Giannotti and filed with the Court, and no other member of the Settlement Class, have submitted timely and valid Opt-Out requests and are therefore not bound by this Final Order and Judgment. Attached hereto as Exhibit A is the list of individuals who submitted timely and valid Opt-Out requests are therefore neither permitted to share in the benefits nor bound by this Final Order and Judgment, except for Opt-Outs who subsequently elected to submit Claim Forms before the Claim Deadline. All other Settlement Class Members are bound by the terms and conditions of the Settlement and this Final Order and Judgment.

5. Plaintiff Max Bazerman has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. Linda M. Dardarian, Byron Goldstein, and Raymond Wendell of Goldstein, Borgen, Dardarian & Ho; and Benjamin Edelman of Law Offices of Benjamin Edelman, are experienced and adequate Class Counsel. Plaintiff and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g) and are hereby appointed as Class Representatives.

6. The Court finds that the dissemination of the Class Notice, the establishment of a website containing settlement-related materials, the establishment of a toll-free telephone number, and all other notice methods set forth in the Settlement and the Declaration of the Settlement Administrator, and the notice dissemination methodology implemented pursuant to

732387.5

the Settlement and this Court's Preliminary Approval Order, as described in the Declaration of Steven J. Giannotti, which is hereby incorporated herein and made a part hereof:

    a. constituted the best practicable notice to members of the Settlement Class under the circumstances of the Action;

    b. constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to obtain monetary relief from this Settlement;

    c. constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and

    d. constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

7. The Court finds that the Claim Form that was distributed to the Settlement Class met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law.

8. The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, Pub. L. 109-2, Stat. 4, the United States Constitution (including the Due Process Clause), and any other applicable law. The Settlement is approved. No objections to the

732387.5

Settlement have been made. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions. Class Counsel and Defendant shall take all steps necessary and appropriate to provide Settlement Class Members with the benefits to which they are entitled under the terms of the Settlement.

9. The terms of the Settlement and of this Final Order and Judgment shall be forever binding on Plaintiffs, Defendant, and all Settlement Class Members, as well as their respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that are encompassed by the Release.

10. The Release, which is set forth in Section XII of the Settlement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and Judgment, and forever discharges the Released Parties from any claims or liabilities based on the Released Claims. Plaintiff and all Settlement Class Members have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendant and the Released Persons. Plaintiff and all Settlement Class Members, whether or not they have returned a Claim Form within the time and in the manner provided for, are barred from asserting any Released Claims against Defendant and/or any Released Persons.

11. All Settlement Class Members and/or their representatives, and all persons acting on their behalf (including but not limited to the Releasing Parties), who have not been timely excluded from the Settlement Class are hereby permanently barred and enjoined from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any

other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; and (2) organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency. All Settlement Class Members and all persons in active concert or participation with Settlement Class Members, including all persons acting on their behalf (including but not limited to the Releasing Parties), are permanently barred and enjoined from organizing or soliciting the participation of any members of the Settlement Class who did not timely exclude themselves from the Settlement Class into a separate class or group for purposes of pursuing a putative class action, any claim, or lawsuit in any jurisdiction that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

12. Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement, including those relating to participation in any of the processes detailed in the Settlement.

13. Nothing in this Final Order and Judgment shall preclude the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement and all exhibits thereto as (1) shall be consistent in all material respects with this Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

14. Class Counsel are hereby awarded attorneys' fees and reimbursement of their costs and expenses in the amount of at least $2,250,000, which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and is in accordance with the terms of the Settlement. The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Class Counsel and the settlement they achieved for the Settlement Class, and that the amount of costs and expenses is reasonable and was reasonably incurred in the course of the litigation. Class Counsel, in their discretion, shall allocate and distribute this award of attorneys' fees and expenses among Plaintiff's Counsel. Defendant's objections to Class Counsel's request for an award of attorneys' fees and reimbursement of costs and expenses are hereby overruled.

15. The Court will consider whether to award Class Counsel up to an additional $500,000 in attorneys' fees, costs, and expenses. The Parties have thirty days from the issuance of this Order to submit optional further briefing in support of or opposition to such additional sum.

16. The Court hereby awards $2,500 to Plaintiff Max Bazerman as a service award in his capacity as a Plaintiff and Class Representative in this Action. The Plaintiff's individual Release, as described in Section XII of the Settlement, is deemed effective and binding on Plaintiff as of the Effective Date.

17. The preceding three paragraphs of this Final Order cover, without limitation, any and all claims against the Released Parties for attorneys' fees, expenses and costs incurred by Plaintiff and Class Counsel in connection with the Action, the settlement of the Action, the administration of such settlement, and/or the Release, except to the extent otherwise specified in this Final Order and Judgment and the Settlement.

18. The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement and of this Final Order and Judgment, and for any other necessary purpose, including, without limitation:

    a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement or this Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Settlement Class Member and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any Released Claims against Defendant);

    b. entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement (including, without limitation, Orders enjoining persons or entities from pursuing any Released Claims against Defendant), dismissing all Released Claims on the merits and with prejudice, and permanently enjoining Settlement Class Members from initiating or pursuing proceedings on the Released Claims (except as set forth herein), or to ensure the fair and orderly administration of this settlement; and

    c. entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as otherwise provided in the Settlement.

19. Neither this Final Order and Judgment nor the Settlement (nor any other

732387.5

document referred to herein, nor any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by American or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement in such proceedings solely as may be necessary to effectuate the Settlement.

20.     The Action is hereby dismissed on the merits and with prejudice as to the Released Claims, without fees or costs to any Party except as otherwise provided in this Order and the Settlement.

**IT IS SO ORDERED.**

Dated this _5TH_ day of _April_, 2019

*William A. Young*
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS